McARVER *v.* THE STATE.

Peremptorily forcing one indicted for a criminal offense to trial immediately after the appointment of counsel (who was not familiar with the case) to defend him, without giving to such counsel an opportunity to make an investigation of the case or prepare for the defense, is, although no other ground for a postponement or continuance of the case be urged, cause for a new trial. ·

Argued January 20, — Decided February 3, 1902.

Indictment for burglary.　Before Judge Henry.　Floyd superior court.　December 6, 1901.

*W. A. Barnett,* for plaintiff in error.

*Moses Wright, solicitor-general,* contra.

LITTLE, J.　McArver was indicted for the offense of burglary, by the grand jury of Floyd county in July, 1901, and was, at the same term of the court, tried and convicted.　He made a motion for a new trial, among the grounds of which are that the verdict is contrary to law and without evidence to support it.　As the case goes back to be heard again, we do not pass upon these grounds, but confine our consideration to another, which (as explained) is certified to be true, and is sufficient to require the grant of a new trial.　It is complained that, prior to the trial of his case, the mother of the defendant had employed Mr. Chamlee, an attorney, to represent her son in the trial; that counsel was then furnished with a list of the witnesses, and the case was fully explained to him; that this attorney appeared for the defendant at his commitment trial, and was the one the accused relied upon to represent him on his trial in the superior court.　When the case was called in the latter court, Mr. Chamlee declined to represent him, and the judge appointed other counsel to do so, who was not familiar with the case, knew none of the witnesses, and was wholly unprepared to enter into the trial.　The appointed counsel asked for sufficient time to procure the attendance of the witnesses, a list of whom had been furnished Mr. Chamlee.　This motion was overruled by the judge, and it is complained that the defendant was forced to trial, and thereby denied benefit of a defense which he would have been able to set up and establish.　In passing on this ground of the motion the judge recites that it is true with a qualification, that is, that "on the call of the case, the defendant having stated that his counsel was R. L. Chamlee, Esq., that gentleman stated that he did not represent the defendant, no satisfactory agreement having been made for that purpose.　Thereupon the court appointed C. E. Davis, an attorney at law of this court, to defend the defendant.　Mr. Davis asked the court to postpone the trial of the case till next day, to get some witnesses for the defendant, but no showing was made as to who the witnesses were, nor as to what the defendant expected to prove by any of them.　It appeared that the defendant had been in jail about two months on this charge.　The court then

directed that the case go to trial." Under this statement of the judge, we are very clearly of the opinion that a postponement of the case, to enable counsel not only to ascertain the names of the witnesses which the defendant wanted, but to look into and prepare the defense, should have been granted, and that in overruling the motion for a new trial on this ground the trial judge erred. The Penal Code, § 8, declares that every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel. It is a very sacred and important right which is guaranteed not only by our statute but also by our organic law. In several cases this court has ruled that the trial judge committed no error in forcing a defendant to trial soon after the appointment of counsel; but the rulings in these cases were held to be proper by this court because of the facts and circumstances of each particular case. However, no ruling has yet been made which impairs the force of the constitutional provision to which we have referred. In the case of *Blackman* v. *State,* 76 *Ga.* 288, it appeared that on Tuesday after the assembling of court in Schley county the grand jury indicted a person for murder. He was at that time confined in jail in Sumter county, and was unable to employ counsel; and on that day the judge announced that he would take up the case on Friday thereafter, and assigned attorneys to represent defendant. When the case was called, counsel for the defendant asked for a continuance, and showed that they were not prepared to proceed, that the defendant had been brought up for trial from Sumter county late on Thursday evening, and that they had been unable to confer with him so as to prepare for his defense. The motion was overruled; and this court held, under the facts, that the trial judge should have granted a postponement of the case either for the term or to some particular day, and that a refusal to do so was error. In delivering the opinion of the court in that case Mr. Justice Blandford said: "Article 1, section 1, paragraph 5, of the constitution of this State, declares that every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel. This constitutional privilege would amount to nothing if the counsel for the accused are not allowed sufficient time to prepare his defense; it would be a poor boon indeed. This would be 'to keep the word of promise to the ear and break it to our hope.'" In the present case the defendant had been in jail for

two months previous to his trial. He relied on a particular member of the bar to continue to represent him. He was unable himself, of course, to see that witnesses had been summoned in his case, and that other necessary preparations were made. When the counsel upon whom he relied disavowed any connection with his case, the accused still had a right, not only to have counsel, but also the benefit of counsel; and the denial of the postponement of the trial until the attendance of the witnesses at his instance could be secured, and proper preparation made, was, in effect, a denial of that right. It can certainly make no difference that counsel made no formal motion for a continuance, nor gave the names of the witnesses whose presence he desired. He had just been appointed, and was not familiar with the case. Possibly he did not know the names of the witnesses wanted, nor what defendant expected to prove by them. All the information which he had received was presumably after his appointment, which had just taken place. The motion to postpone the case to such a time as would enable counsel to investigate it and secure the attendance of witnesses should have been granted. We say this without any examination of the affidavits submitted from the witnesses, and without any reference to the real merits of this case, and base the reversal of the judgment alone on the ground that the refusal to postpone the trial, under the circumstances set out, was a denial to the defendant of the privilege of the benefit of counsel, a right which was his whether guilty or innocent.

<em>Judgment reversed. All the Justices concurring.</em>