## BROWN *v.* THE STATE.

While motions for continuance and postponement are addressed to the sound discretion of the trial court, that discretion should be exercised in a reasonable manner. Where, on the trial of a criminal case, it appeared that the accused had been arrested in another county, brought to the county where the accusation was sued out against him, and there lodged in jail on the night before his case was called for trial; that on account of his inability to employ an attorney, counsel was appointed to defend him at the time when the case was so called; that the witnesses desired by him lived in another county, and no opportunity had been afforded him to have them subpoenaed; that the law under which he was accused was of recent enactment, and that the attorney appointed to represent the accused had had neither the time nor the opportunity to prepare for his defense or familiarize himself with the statute, a motion to postpone the hearing of the case for one day should have been granted.

Submitted April 21, — Decided May 10, 1904.

Accusation of cheating and swindling. Before Judge O'Steen. City court of Douglas. February 15, 1904.

*Lawson Kelley, C. A. Ward*, and *W. P. Ward*, for plaintiff in error. *M. D. Dickerson, solicitor*, contra.

CANDLER, J. The accused was tried under an indictment for cheating and swindling, and was convicted. His motion for a new trial was overruled, and he excepted. In the view that we take of the case there is but one question made by the record which need be discussed here. From the motion for a new trial it appears that the accused was arrested in Pierce county and brought to Coffee county, where he was confined in jail. He arrived in Coffee county at night, and on the following morning was brought into court for trial. He was unable, from poverty, to employ counsel, and the judge appointed an attorney of the Douglas bar to represent him. The attorney, after a consultation with the accused, of not more than five minutes, reported to the court and stated in his place that the accused was not ready to go to trial; that counsel had had no opportunity to have witnesses subpœnaed, nor to examine the law under which the accusation was brought against the prisoner; and that no preparation whatever had been made for the defense. He further stated that if the court would pass the case until the following morning, in order that he might send for witnesses and prepare the defense, the accused would consent to go to trial before the court without a jury. The court then examined the accused under oath, and it is recited in the order passed on the motion " that the defendant stated under oath that he desired that the case be not tried then, but that it be continued, because he had witnesses absent; that said witnesses were non-residents of the county of Coffee. Said defendant further stated what he expected to prove by the absent witnesses if he could obtain them, which facts appeared to the court to be of no value in establishing the defense of the defendant." The motion to postpone the case until the following day was therefore denied, and the accused was placed on trial, with the result already stated.

In passing upon motions to continue or postpone, the trial judge is necessarily vested with a large discretion; but a careful review of the facts of this case convinces us that the failure to at least postpone for one day was error. The particular acts of cheating and swindling with which the accused was charged have only very recently been made penal by the General Assembly, the act having been approved August 15, 1903 (Acts 1903, p. 90). Neither the bar nor the courts have as yet had an opportunity to become

familiar with its provisions in actual practice. No opportunity was given the accused to subpœna his witnesses, or to confer with his counsel sufficiently to acquaint him with the real character of any defense that he might have been able to make; and in the nature of things an attorney can not be expected to do justice either to himself or his client when he is forced to trial in a case of which he probably never heard more than five minutes before, when the law under which his client is accused is one of recent enactment with which he is unfamiliar, and when he has had no opportunity to talk with the witnesses he might introduce and acquaint himself with the details of the case. The constitution of this State provides that every person accused of crime shall have the privilege and benefit of counsel, and shall have compulsory process to compel the attendance of his own witnesses; but it is useless to appoint counsel to represent one so accused unless the attorney so appointed is given at least a reasonable opportunity to prepare the case entrusted to him. This case is essentially different from the case of *Hardy* v. *State*, 117 *Ga.* 40, and what we now hold is in no sense in conflict with what is there laid down. In the *Hardy* case it appeared that when the motion to continue was made, " the court announced to counsel that he would be furnished bailiffs to get all witnesses whose names and addresses were known, and bring them into court, before the case would go on; that as to óne of the witnesses his presence was waived; and that as to the other witness, the witness was brought into court before the case was finally forced to a hearing." A very different state of facts is disclosed by the present record. While, as has been repeatedly ruled by this court, trial judges are invested with a broad discretion in the matter of continuances, that discretion is not arbitrary, but must be exercised in a reasonable manner. In this case we are of the opinion that the accused has not had the opportunities allowed by law for his defense; and for that reason the case is remanded for another hearing.

*Judgment reversed. All the Justices concur.*