## 903, 904. BROOKS *v.* THE STATE.

1. It was error to refuse a postponement for one day to enable the defendant, who had just been indicted and who had been confined in jail, to procure witnesses whose testimony, according to the showing for postponement, would have shown the defendant to be innocent. Though the evidence for the State proved the defendant's guilt, it was his right to have submitted to the jury testimony in his behalf in conflict with the testimony upon which he was convicted.

2. In a showing for a continuance, based upon absence of witnesses, it must be shown to the court that the continuance is not applied for for the purpose of delay, but is asked solely to procure the attendance of the absent witnesses. It is, however, not essential that the defendant testify as to his intention, if it be apparent from the evidence adduced in behalf of his motion that it is not his purpose to delay the case, but only to procure the attendance of his witnesses.

3. Motions for continuance, made at the term at which the indictment is found, while addressed to the discretion of the court, stand upon a different footing from such motions made at a subsequent term. In such cases the discretion of the court should be liberally exercised in favor of a fair trial, no less than that the trial should be speedy; and every facility should be afforded a defendant for presenting his defense as fully as he might be able to do were the case tried at a subsequent term. Reasonable opportunity for the defendant to prepare his defense should not be sacrificed in the interest of speed.

Indictments for selling liquor, from Decatur superior court—Judge Spence. November 25, 1907.

Submitted January 14,—Decided January 27, 1908.

*A. E. Thornton,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.

RUSSELL, J. The only question presented by the record in this case is whether the court erred in refusing to continue the trial of the defendant's case for one day in order to enable him to procure the attendance of two witnesses by whom he claimed he could disprove the charge against him. The defendant in his showing for a continuance proved, that one John Williams was absent, and that the witness lived in the county; that he could prove by the witness, Williams, that said Williams was present when the State's witness, Mr. Lunsford, claimed to have bought whisky from him; that he expected to prove by the absent witness that he was in fact present and that defendant did not sell any whisky; that defendant had asked Mr. Dean, the deputy sheriff, to summon the witness Williams; that he was placed in jail on Friday, was at liberty on Saturday and Sunday, and was rearrested on Monday and has been in jail ever since; that the witness was not absent by his consent, but had promised him that he would come to court. In the showing for a continuance it further appeared that Frank Wade, a witness for the defendant, was absent; and it was shown that the defendant expected to prove by this witness that he too was present at the time of the sale alleged by the State, and would swear that the defendant did not sell any whisky at that time. The same showing was made as to the request of the defendant to the deputy sheriff to have the witness at court, and as to the confinement of the defendant in jail; and it was shown that this witness also lived in Decatur county, a little piece out of town. It appeared from the subpœna docket that both witnesses were subpœnaed; and counsel for defendant stated that the defendant would be ready for trial if given until the next day, and requested the court to pass the case until the next day.

It appears from the evidence of the witnesses for the State that this defendant was tried at the same term of the court at which the indictment was found; for the witness for the State stated that he bought the whisky "two weeks ago." Under the evidence

adduced for the State in the case, the defendant was clearly guilty. The defendant introduced no testimony. If there had been no showing for a continuance, there could be no possible reason for presenting the case to this court; but if the testimony of the absent witnesses had been presented to the jury, there would have been direct contradiction of the testimony upon which the defendant was convicted. The evidence of the absent witnesses was therefore most material to his rights; for if the witnesses had testified as he expected them to do, and if their testimony had been more credible to the jury than that of the witnesses introduced in behalf of the State, or if the jury had been unable to reconcile the conflict in the testimony, and thereby a reasonable doubt of the defendant's guilt had resulted, the defendant would have been acquitted. Under the testimony which was presented to them, the jury could do nothing except find the defendant guilty, unless they preferred the unsworn statement of the defendant, discounted by his interest in the case, to the sworn testimony of two witnesses. And this would have been an unreasonable solution of the case.

We think the court erred in not passing the case, at the request of the defendant's counsel, until the next day. The motion was not, strictly speaking, a motion for continuance. All motions for continuance are addressed to the sound legal discretion of the court, and the exercise of that discretion will not be controlled unless abused; but where an indictment has very recently been returned, where the defendant is confined in jail and requests the proper officer to subpœna his witnesses for him, and especially where as a matter of fact it appears that the witnesses were subpœnaed, and it further appears that the testimony of such witnesses is most material, and no counter-showing is made by the State, and where finally nothing is asked but a postponement of the trial for one day,—in such a case the discretion of the court should be exercised in giving the defendant an opportunity to put his side of the case before the jury, regardless of what may be our opinion or the opinion of the court below as to the defendant's guilt. In the absence of a counter-showing the testimony in behalf of the defendant in his motion for a continuance or postponement is to be presumed to be the truth, subject of course to such inferences and deductions as may tend to show its falsity or insincerity. Where it appears, as in this case, that proper dili-

gence has been exercised by the defendant in attempting to secure the presence of his witnesses, and that in fact they had promised to be present, and the testimony of such witnesses is vitally important, and it does not appear that there are any other witnesses by whom the defendant can prove the same facts, and it is shown that the witnesses are absent without the consent of the defendant, the case is not controlled strictly by the terms of §962 of the Penal Code, if as a matter of fact such motion for continuance is made at the term of the court at which the indictment is found. There is a distinction between a showing for a continuance or for a temporary postponement, addressed to the discretion of the court at the first term, and a motion made for such continuance or postponement at a later term. Section 962 of the Penal Code is as follows: "In all applications for continuance upon the ground of the absence of a witness, it must be shown to the court that the witness is absent; that he has been subpœnaed; that he resides in the county where the case is pending; that his testimony is material; . . and that the application is not made for the purpose of delay, but to enable the party to procure the testimony of the absent witness; and must state the facts expected to be proved by the witness." Where, however, a motion for a continuance or a postponement is made at the same term that an indictment is found, numerous decisions of the Supreme Court recognize the fact that the rule laid down in §961 should be applied. That section is as follows: "Every person against whom a bill of indictment is found shall be tried at the term of the court at which the indictment is found, unless the absence of a material witness, or the principles of justice, should require a postponement of the trial, and then the court shall allow a postponement until the next term of the court; and the court shall have power to allow the continuance of criminal causes from term to term as often as the principles of justice may require, upon sufficient cause shown on oath; provided, however, that no continuance shall be granted in any of the courts which have a continuous session for thirty days or more, over the objection of the adverse party, where the cause for the same can be obviated by a postponement to a later day during the term; and the presiding judge, whenever a motion and a proper showing for a continuance is made by either party, at any time, shall set the case down for a later day during the

same term, if it shall be practicable thereby to avoid the contin-
uance." The only point stressed by the State is that the court did
not err in overruling the motion, because the' defendant in his show-
ing for continuance did not testify that the showing was not made
for delay only. It has been decided in a number of cases that a
showing, not including proof' of the fact that the motion for con-
tinuance is not made for delay, is for that reason defective. In
all· cases, if it appears that the motion is made for delay only, a
continuance or postponement should unhesitatingly be refused. And
likewise, if the evidence in behalf of· the movant fails to show that
the showing is *not* made for delay, the trial, should proceed. But
we do not think that the requirement of §962, which provides
that it must be shown to the court that the application is not made
·for the purpose of delay but to enable the party to procure the
testimony of the absent witnesses, means only that the movant
shall himself or by his counsel state on oath to the court that
delay is not the purpose of his motion. If the showing, as made,
presents such a state of facts that if they be accepted as true
it is plainly seen that the postponement is not asked for ·delay,
not only the spirit but the letter of §962 is complied with. In
this case, where the defendant was brought to trial at the very
term at which the indictment had been found, and the showing
of the defendant was neither contradicted by a counter-showing
nor discredited because its contents were self-contradictory or un-
reasonable, a statement of counsel that a postponement until next
day was all that was asked seems to us to negative the inference of
delay which it was the purpose of §·962 to require to be rebutted.
If the defendant had not been confined in jail, or if his case had
not been called for trial at the first term, §962 might apply in
all its force; but, as held by Judge Lumpkin in construing §961,
at that time contained in Cobb's Digest, 835, "Ours is a liberal
code upon the subject of continuance in criminal cases. Under
it an improper refusal of continuance is matter of error. . .
Was the testimony in this case material? I will not affirm that
it was utterly irreconcilable with the guilt of the accused, but I
will say that if true it made it very improbable that he perpe-
trated the crime at the time and place specified; and of its suffi-
ciency to·acquit it was the peculiar province of the jury and not
of the court to judge." (The evidence of the absent witnesses in

the present case is even stronger than that alluded to by Judge Lumpkin in the *Copenhaven* case, being irreconcilable with the guilt of the accused.) "That it was material there can not be a shadow of a doubt; and if so, then the court was peremptorily required by the law of the land, the indictment having just been found, to postpone the trial until the next term of the court; or at any rate for a few days to enable the party to obtain his proof. And upon this ground the judgment of conviction must be reversed and a new trial awarded. For, notwithstanding applications are ordinarily addressed to the discretion of the court, and the presiding judge must in the main be left free to act in such a manner as to secure a speedy as well as a fair trial, yet in the case made in this bill of exceptions the statute of the State is imperative and he is bound to yield obedience to its mandate, whatever may be his opinion as a man as to the guilt of the accused, or the falsehood in fact of the showing which he makes for the postponement of the trial." *Copenhaven* v. *State,* 14 *Ga.* 24. See also *Thomas* v. *State, 95 Ga.* 484 (22 S. E. 315); *Compton* v. *State, 108 Ga.* 747 (32 S. E. 843). In *Tomlin* v. *State, 110 Ga.* 268 (34 S. E. 845), it was held: "It is not an abuse of discretion to refuse to grant a continuance upon the ground of absent witnesses, where the applicant therefor fails to show affirmatively to the court that the application is not made for delay, and where from all the facts before him the judge is warranted in finding that such was the purpose for which the continuance is sought. Penal Code, § 962." The converse would appear to be true, and to sustain our holding that whether or not a showing is made for delay is not to be determined solely by the statement of the defendant that such is not his purpose, but that the material question is whether the showing, as a whole, is such as to show the court that delay is not the purpose of the postponement.      *Judgment reversed.*