## CUMMINGS v. THE STATE.

While all motions for continuance are addressed to the sound discretion of the court and his discretion will not be disturbed unless there is an abuse thereof, in this case the judgment refusing a continuance must be reversed; for, under the circumstances, it was impossible for counsel, in the short time allowed, to make the investigation of the facts which it was their duty to make in order to make preparation for a proper defense of their client.

No. 2315. June 16, 1921.

Indictment for murder. Before Judge Park. Baldwin superior court. October 28, 1920.

*Allen & Pollle,* for plaintiff in error.

*R. A. Denny,* attorney-general, *Doyle Campbell,* solicitor-general, *Graham Wright,* and *A. Y. Clement,* contra.

BECK, P. J. Madison Cummings was indicted for the offense of murder, and upon the trial of the case the jury returned a verdict of guilty, with recommendation that he be imprisoned for life in the penitentiary. A motion for new trial was made, and upon the hearing thereof it was overruled; to this judgment a writ of error to this court was sued out.

The only question presented for determination by this court is, whether the court abused its discretion in overruling the motion

38

for a continuance made by the accused. The homicide occurred on Saturday, July 17, 1920, and the defendant was arrested and placed in jail the following day. The superior court of Baldwin County had been in session during the entire week ending July 17. The grand jury was not in session on Monday, July 19, but it reconvened on the morning of July 20, and on that day returned the indictment against Madison Cummings, charging him with murder. The case was called for trial on Wednesday morning, July 21; and upon the call of the case a member of the law firm of Allen & Pottle, sole counsel for the defendant, moved for a continuance for the term, and Mr. Pottle made the following oral statement to the court: " We move for a continuance of the case for the term, on two grounds: first, the absence of material witnesses; and we will undertake to make technical showing about that later. We are required to present all the grounds at the same time, and I will state the other one: I state in my place as an officer of this court that this homicide took place on Saturday evening last, the 17th; that the defendant was arrested on Sunday following; that this court convened the following day, on Monday; both Judge Allen [one of defendant's counsel] and myself have been continuously engaged in the trial of business in this court and in the utmost exercise of diligence it has been impossible for us to have any conference with any of these witnesses. We therefore move to continue the case for the term, on the ground that this homicide happened last Saturday, and we have been continuously engaged in this court since, and have not had the opportunity to confer with any of the witnesses in the case. In addition to that, the indictment in this case was returned by the grand jury on yesterday, Tuesday, the 20th." The other member of the law firm also made a statement reaffirming what Mr. Pottle had said, stating that they had not been employed in the case until Monday, which was the first opportunity that the defendant and his father, who was indicted with him, had had to secure counsel; that the firm had been engaged in the trial of cases in the court up to the time this case was called; that they had used all possible diligence in issuing subpœnas and otherwise to get the case ready for trial; and that neither he nor Mr. Pottle had had an opportunity to examine a single witness for the defendant. Thereupon the court made the following statement: " This defendant is charged with

the offense of murder and confined in jail. I wish to say that I am disposed to give counsel for the defendant sufficient time to confer with these witnesses. I understand from the sheriff these subpœnas for these witnesses were not sent out until this morning, and the witnesses all answer except four witnesses, and I suppose counsel can confer with the witnesses present, and as soon as these other four witnesses come in they can confer with them. I wish to say to the witnesses for the defendant and for the State, I will check this case until two o'clock this afternoon." It also appeared that counsel, promptly upon being employed, had subpœnas issued for the witnesses for the defendant. The case was checked until two o'clock that afternoon, in accordance with the directions of the court, and by that time the four witnesses who were absent had come into court. At two o'clock when the case was called a motion for a continuance was made and a written motion was submitted In the written motion the facts set forth in the prior oral statements of counsel were in substance repeated; and in addition counsel stated that both members of the firm had been busily and constantly engaged in the trial of civil cases in the court until the court recessed on Thursday, July 15, and when it reconvened on July 19 both members of the firm were busily and constantly engaged in the trial of criminal cases, and for that reason had no opportunity whatever to investigate the facts of the homicide or confer with the witnesses, or confer with their client with a view to ascertaining the names and locations of material witnesses to the case; "that the defendant was charged in the indictment with the homicide of Mack Simmons, and that it was averred in the indictment that he shot and killed said Mack Simmons with a pistol; that the defense in the case was self-defense, and that the defendant contended that he shot the deceased after the deceased had fired a shotgun at him without provocation; that they were advised that a number of witnesses, living in the neighborhood of the point at which the homicide was committed, would testify that, while not present at the homicide, they heard the gun fire, and that said gun fired first; . . that owing to the fact that both affiants have been constantly and laboriously engaged in the trial of important cases in the court during both the first and second weeks thereof, that neither of them is in physical condition to enter upon the trial of a case of the gravity of this case, the trial of which will

necessarily occupy at least two full days; that there are 15 or 20 witnesses on both sides to be examined, and that the labor involved in the trial of said case will be so exhaustive that, considering the laborious services of both affiants in the trial of cases as herein set out, affiants solemnly aver that they cannot with justice to themselves or their client enter upon the trial of the case; that they have exercised full and complete diligence in undertaking to prepâre the case for trial; that they have conferred with as many witnesses as it has been possible for them to see; and that they make this motion in behalf of their client in the utmost good faith." When this written motion was submitted the court overruled the same, and stated that he considered the oral motion in the morning as the motion in the case, and that all grounds ought to have been taken at once, and that certain grounds relied upon in the written motion had not been taken in the oral motion in the morning. Counsel for plaintiff in error insisted that there was but one motion made, — that the motion made at 2 o'clock was merely a continuation of the motion which they had made in the morning at 9 o'clock.

We are of the opinion that the court should either have granted the motion for a continuance or should have postponed the trial until another date. We think the written motion submitted on the afternoon of Wednesday should be treated as the motion for a continuance in this case, or as a continuation of the motion a part of which had been made in the morning. The motion made in the morning, while called a motion for a continuance, was merely the statement by counsel of certain grounds, counsel declaring that later in the motion he would make the technical showing as to witnesses, etc. But when counsel finished the oral statement indicating the grounds upon which the application was made, the court, immediately upon the conclusion of counsel's remarks, made the statement set forth above and checked the case for that morning. We do not think that the remarks made by counsel should be treated as a formal or complete motion, the making of which deprived them of the privilege of making the motion submitted in the afternoon.

Counsel, under the facts stated in their motion, did not have sufficient time to make proper preparation for the trial. So far as the motion for a continuance is based upon the indisposition

and physical condition of counsel, the motion is controlled adversely to them by what is said in the case of *Rawlins* v. *State,* 124 *Ga.* 31 (19), 52 (52 S. E. 1), where a motion for continuance was made upon a similar showing, and by similar rulings in other cases cited in the *Rawlins* case. But in so far as the case is based upon a want of time to make preparation for the trial of the case, it stands upon a different footing. It is true that the witnesses who had been actually subpœnaed by the defendant had come into court, but the uncontradicted evidence, shown by the undisputed statement of counsel and the other facts in the case, shows that counsel needed further time to talk with the witnesses, to ascertain the facts and circumstances surrounding the homicide and the alleged criminal act of their client. He was charged with murder. On the trial there was evidence to show that without provocation he shot and killed the decedent, Mack Simmons. There was other evidence adduced on the trial, tending to show that Mack Simmons was the aggressor and had fired at the defendant with a shotgun. It was very material· to the defendant to show whether a shotgun was fired at or about the time of the killing, and whether it was discharged before the pistol was fired. Counsel pressed this point, and asked for time to make inquiries in the immediate neighborhood, the scene of the homicide. Their client had been confined in jail and was not in position to make these inquiries, and counsel were confined in the court-house in the trial of cases in which they had been retained. Only three days, Sunday, Monday, Tuesday, and a part of Wednesday had elapsed after the killing, and only one or two days after the indictment was returned. After the trial of the case and when the motion for a new trial was pending, counsel for the defendant did submit affidavits tending to establish their contention that at the time of the killing a shotgun was discharged just before the pistol was. This evidence was given by witnesses whose names counsel did not know at the time of the trial and of whose evidence they had not heard. Similar evidence was given on the trial; and the court might well have overruled the ground based upon newly discovered evidence, upon the ground that it was cumulative. But counsel had the right to a reasonable time within which to have ascertained the fact of the existence of this testimony and of these witnesses, and to have

produced the evidence upon the trial, so as to have the benefit of its cumulative weight. If they had had a reasonable time before the case was called for trial within which to investigate and ascertain the existence of such evidence, then the fact that it was cumulative would be good ground for overruling it when it was submitted as newly discovered evidence. The error in this case was not in overruling the ground based upon newly discovered evidence, considered as such, but in denying a reasonable opportunity to get this evidence. In order to get it, it was necessary for counsel or some one for them to have an opportunity to investigate and ascertain the names and locations of witnesses who would have some knowledge of the homicide.

This court interferes very reluctantly with the judgment of the court below, overruling a motion for continuance. In considering motions based upon the ground that a continuance was denied, this court has kept steadily in view the fact that the statute provides that "all applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused, as the ends of justice may require." Civil Code, § 5724. But where the facts submitted by the movant upon an application for a continuance show clearly that counsel for the defendant could not, in the exercise of reasonable diligence, make proper preparation for the defense, justice requires that the judgment refusing the continuance or the allowance of proper time for making preparation should be reversed. See *Hunt* v. *State,* 102 *Ga.* 569 (27 S. E. 670); *Brown* v. *State,* 120 *Ga.* 145 (47 S. E. 543). In the latter case it was said: "The constitution of this State provides that every person accused of crime shall have the privilege and benefit of counsel, and shall have compulsory process to compel the attendance of his own witnesses; but it is useless to appoint counsel to represent one so accused unless the attorney so appointed is given at least a reasonable opportunity to prepare the case entrusted to him." See also *Harris* v. *State,* 119 *Ga.* 114 (45 S. E. 973). In the last-cited case the judgment of the court below denying a continuance was affirmed, but in rendering that judgment this court pointed out that even in that case under its peculiar facts it would have been well if the judge had postponed the trial for a few days. Reluctant as we may be to reverse a case upon the

ground that the court below denied the application for a continuance, we are constrained in the present instance to hold that the denial of the application for a continuance was error.

*Judgment reversed. All the Justices concur.*