### 14455.    VAUGHN *v.* THE STATE.

</div>

Refusal to grant a continuance, which was applied for on the ground of the absence of a witness, can not be held to be an abuse of discretion under the facts of this case, the applicant having failed to swear, upon the hearing of the motion, that the application was not made for the purpose of delay only.

The evidence authorized the verdict.

<div align="center">

DECIDED JUNE 13, 1923. REHEARING DENIED JULY 12, 1923.

</div>

Accusation of possessing liquor; from city court of Baxley — Judge Speer. March 1, 1923.

*H. L. Williams,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.

BROYLES, C. J. 1. The only special ground of the motion for a new trial in this case alleges error in the overruling of the motion to continue the case. In *Newsome* v. *State,* 61 *Ga.* 481, the accused was charged with carrying concealed weapons. The motion for a continuance in that case was quite similar to the one made in this case, in that the accused swore " that a witness whom he had had subpœnaed, Fletcher by name, *was absent without his consent;* that this witness was present at the time charged in the indictment, and would testify that he carried the pistol openly and fully exposed to view; *that defendant expected to have him present at the next term of court."* (Italics ours.) In reference to this motion for a continuance Judge Bleckley said (p. 482) : " Irrespective of the counter-showing made by the State, the prisoner's showing for a continuance was insufficient. It did not state that the application was not made for delay, *and that statement was requisite to complete it."* (Italics ours.) In *Tomlin* v. *State,* 110 *Ga.* 268 (34 S. E. 845), the Supreme Court said that applications for continuance must " show affirmatively to the court that the application is not made for delay only." See also *Polite* v. *State,* 78 *Ga.* 347 (2) ; Park's Code, § 5715. Counsel for plaintiff in error relies largely upon the holding in *Brooks* v. *State,* 3 *Ga. App.* 458 (60 S. E. 211). That was a case where the accused was tried at the term of the court at which the indictment was found, and in that case this court held: " Motions for continuance, made at the term at which the indictment is found, while addressed to the discretion of the court, stand upon a different footing from such motions made at a subsequent term." In the case under consideration the indictment was found at the March term of Appling superior court; the indictment was transferred to the city court of Baxley, and the trial was had at the August term of the city court. The holding in the *Brooks* case will not be extended.

Under the foregoing rulings and the facts of the instant case, this court cannot hold that it was an abuse of discretion for the trial judge to refuse to grant a continuance upon the ground of

absence of a witness, where the applicant fails to swear, upon the hearing of the motion, that the application is not made for the purpose of delay only.

2. The evidence, while circumstantial, was sufficient to exclude every reasonable hypothesis save that of the defendant's guilt, and the court did not err in overruling the motion for a new trial. *Judgment affirmed. Luke and Bloodworth, JJ., concur.*