### 16884. WALDRIP *v.* THE STATE.

BROYLES, C. J. 1. "Motions for continuance, made at the term at which the indictment is found, while addressed to the discretion of the court, stand upon a different footing from such motions made at a subsequent term. In such cases the discretion of the court should be liberally exercised in favor of a fair trial, no less than that the trial should be speedy; and every facility should be afforded a defendant for presenting his defense as fully as he might be able to do were the case tried at a subsequent term. Reasonable opportunity for the defendant to prepare his defense should not be sacrificed in the interest of speed." *Brooks* v. *State,* 3 *Ga. App.* 458 (3) (60 S. E. 211).

2. Where one indicted for a felony was forced to trial at the term at which the indictment was returned and on the same day on which he employed the counsel who defended him, and his counsel were not familiar with the case, and stated to the court, in their places, that they had not had a reasonable time to prepare the case for trial, and requested a continuance of the case, or at least a postponement until the following day, the refusal to postpone requires a new trial. *McArver* v. *State,* 114 *Ga.* 514 (40 S. E. 779); *Blackman* v. *State,* 76 *Ga.* 288; Penal Code (1910), § 8, subsection 1.

·(a) ᵗThis error rendered the further proceedings in the case nugatory. .:
                    *Judgment reversed.  Luke and Bloodworth, JJ., concur.*
                          DECIDED DECEMBER 15, 1925.

Conviction of incestuous adultery; from Crisp superior court—
Judge Crum.  October 1, 1925.

*J. T. Jeter, Dorris & Brown,* for plaintiff in error.

*J. B. Wall, solicitor-general, Strozier & Gower,* contra.