23585. HUNT *v.* THE STATE.

DECIDED MARCH 30, 1934.

*Walter Matthews,* for plaintiff in error.
*S. W. Ragsdale, solicitor-general,* contra.

MacINTYRE, J. The defendant was convicted of the offense of assault and battery upon the prosecutrix, Mrs. Ludie Crumby.

The prosecutrix testified in part that the defendant came to her home on Sunday, the day alleged in the indictment, "I was lying on the bed getting my baby to sleep, and he come in and asked where Jesse and Everett was. I told him they was gone to the field, and told him there was a chair. He drug the chair closer to the bed and sat down a minute or two and went to the window; the bed was kind of at the window and I was lying in the window, and he got up and went to the window and looked towards his home. I thought he was going to spit, but he didn't; he went back and sat down in the chair and says, 'You thought I was going to sit down on the bed with you, didn't you?' I says, 'No, sir!' He says, 'I will.' I says, 'You wont.' He says, 'I will.' I says, 'I'll knock

you out of the window;' and he sat down on the bed and I got up; my baby was asleep and I got up at the head of the bed; it was angling and I couldn't go around the head of the bed, and I got up and he put his hand on my knee and pressed down trying to hold me, and I got up anyway and got up at the head of the bed and told him to get on out and go home; and I thought he was going out of the door and I come and laid the baby down, and it was asleep, and he caught me by the hand and pulled me back down on the bed with him. I pulled and couldn't get loose from him, and he says, 'Don't get mad, I ain't going to hurt you.' I says, 'I know you ain't,' and I kept pulling, and he wouldn't turn me. He says, 'Let me love you, if you will let me love you I will give you anything in the world.' I got loose from him, and he says, 'You don't tell everything anybody does to you, do you?' I says, 'Yes.' He says, 'Are you going to tell this?' I says, 'I sure am.' He started out of the door and I went to the front door, and he come back in there and wanted me to lie down on the bed with him, and I told him I wouldn't do it, and he went out of the door."

Mrs. Beatty, a neighbor, testified: that she lived about fifty yards ·from the prosecutrix, Ludie Crumby; that she "saw Ludie that day pretty late in the afternoon, she came showed me her wrist. She showed me her wrist, they were just as red as they could be, nothing but her wrists; they looked angry, like they had been bruised or something; that was some time in the afternoon." She further testified, "My feelings toward Mr. Hunt [defendant] couldn't be good."

The defendant claimed that "it all originated out of him [the husband of the prosecutrix] whipping my mule"; that he had threatened on ˙Monday to prosecute the husband of the prosecutrix, who was a tenant on his place, for beating one of his mules; that on Wednesday the prosecutrix had him indicted for assault and battery upon her, alleging the same to have occurred on the previous Sunday; that he had never assaulted her, had always been nice to her, had never said a word out of the way to her in his life, had never bothered her, nor had he ever laid hands on her; that there was not a word of truth in the charge against him.

Our Code defines an assault as "an attempt to commit a violent injury on the person of another," and defines a battery as "the unlawful beating of another." Penal Code (1910), §§ 95, 102. "To

beat, in a legal sense, is not merely to whip, wound, or hurt, but includes any unlawful imposition of the hand or arm. The slightest touching of another in anger is a battery. To touch a virtuous wife in the way of illicit love is a far greater outrage than to touch her in anger, and equally a breach of the peace. It is violence proceeding from lust, instead of violence proceeding from rage. It issues from the passion which, unrestrained, culminates in rape, instead of from the passion which culminates in homicide." *Goodrum* v. *State*, 60 *Ga.* 509, 511.

The testimony of the witnesses for the State, if believed by the jury, would authorize them to find that the advances of the defendant were amatory and lascivious; that the imposition of the hands upon the prosecutrix was against her will; that it was unlawful and constituted an assault and battery under the law. "He took the risk of not meeting with a responsive feeling in her, and must abide all the consequences of the disappointment." *Goodrum* v. *State*, supra.

There is no substantial merit in the special grounds of the motion for a new trial. The evidence sufficiently supported the verdict. The judge has approved the findings of the jury.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*