## 31432.   CASSIDY *v.* THE STATE.

DECIDED JANUARY 18, 1947.

*Deal & Anderson, John F. Brannen, W. G. Neville,* for plaintiff in error.

*Fred T. Lanier, Solicitor-General,* contra.

BROYLES, C. J.   The defendant was tried on an indictment charging him with committing an assault with intent to rape upon a female, between the ages of ten and eleven, on July 20, 1946.

When the case was called for trial on July 25, 1946, Mr. Anderson, counsel for the defendant made to the court the following motion: "We would like to make a motion for continuance, if the court pleases, on the following grounds: This offense just happened last Saturday night, and he [defendant] was placed in jail at that time and did not have an opportunity to employ counsel before Monday. I was not employed in the case until Tuesday and I haven't had an opportunity to talk to Mr. Cassidy [defendant] and to get the real facts in the case, and Mr. Brannen is also in the case with us. Mr. Brannen has been tied up here in court, and

I've had some business in court, and for those reasons we haven't had an opportunity to go into the case and really study it and really know what the facts are and the law in the case. For that reason we ask the court to grant us a continuance at this term. This, of course, is not made for the purpose of delay. We are asking it as our right, as the law gives us this right to ask for it, under the lack of time to prepare the case, and for that reason we are asking for a continuance of the case at this term." The motion was denied, and that judgment is assigned as error in a special ground of the motion for a new trial, the defendant having been tried and convicted of the offense charged, and his motion for a new trial having been overruled.

In *Waldrip* v. *State*, 34 *Ga. App.* 692 (1) (130 S. E. 829), this court said: "Motions for continuance, made at the term at which the indictment is found, while addressed to the discretion of the court, stand upon a different footing from such motions made at a subsequent term. In such cases [where the motion was made at the term at which the indictment was found], the discretion of the court should be liberally exercised in favor of a fair trial, no less than that the trial should be speedy; and every facility should be afforded a defendant for presenting his defense as fully as he might be able to do were the case tried at a subsequent term. Reasonable opportunity for the defendant to prepare his defense should not be sacrificed in the interest of speed. *Brooks* v. *State*, 3 *Ga. App.* 458 (3) (60 S. E. 211)."

In *Cummings* v. *State*, 151 *Ga.* 593 (107 S. E. 771), the headnote reads: "While all motions for continuance are addressed to the sound discretion of the court and its discretion will not be disturbed unless there is an abuse thereof, in this case the judgment refusing a continuance must be reversed; for, under the circumstances, it was impossible for counsel, in the short time allowed, to make the investigations of the facts which it was their duty to make in order to make preparation for a proper defense of their client.

While the facts of the above-cited cases are not on "all fours" with the facts of this case, they are sufficiently alike to make the ruling in the cited cases applicable here; and, in our opinion, the court should have granted the motion for a continuance, or should have postponed the trial until another date—a week or two—so

that counsel for the accused would have had time to investigate the facts of the alleged crime and the law applicable thereto.

The error in denying the motion rendered the further proceedings in the case nugatory.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*