37061. DAVIS *v.* THE STATE.

Decided March 18, 1958.

*John S. Gibson, Sapp & Holton, D. C. Sapp,* for plaintiff in error.

*Dewey Hayes, Solicitor-General, M. L. Preston, Ewing & Williams, Marshall Ewing,* contra.

GARDNER, Presiding Judge. ■ The contention that the indictment was subject to demurrer because too vague and indefinite to put the defendants on notice as to what other instruments they are charged with having used is without merit. See *Hall* v. *State*, 133 *Ga.* 177 (1) (65 S. E. 400) in which a substantially identical allegation in an indictment was held not subject to this objection.

■ Special ground 1 of the amended motion for new trial assigns error on the refusal of the trial court to grant a postponement of the case. The affray on which this indictment is based occurred on October 19, 1957, and a warrant was taken out at that time. The grand jury gave it consideration on October 22, and in the afternoon returned an indictment against Davis and a codefendant, Kirkland, who was subsequently acquitted. Attorney John S. Gibson was employed by the defendant Davis shortly after the return of the true bill. The following morning Mr. Gibson tried another murder case. The following afternoon the defendants employed Attorneys D. C. Sapp and Elie Holton to assist Mr. Gibson, their leading counsel in the case. Later in the afternoon the trial court inquired whether the case would be ready for trial the next morning and one of the associate counsel replied that so far as he knew it would be ready. The case was called on the morning of October 24, at which time counsel requested a postponement on the ground that they had not had time to thoroughly investigate the case, but without stating the necessity for further investigation in any greater detail. The court denied the motion. This court has frequently emphasized that "reasonable opportunity for the defendant to prepare his defense should not be sacrificed in the interest of speed" and that a refusal to grant a reasonable request for postponement may constitute reversible error. See *Waldrip* v. *State,* 34 *Ga. App.* 692 (1) (130 S. E. 829); *Cassidy* v. *State,* 74 *Ga. App.* 689 (41 S. E. 2d 181); *Whitehead* v. *State,* 96 *Ga. App.* 382 (1) (100 S. E. 2d 139). The motion in the *Cassidy* case was based, among other things, on the ground that the defendant's counsel had not had an opportunity to talk with his client, who was in jail, a fact which does not appear here. The

defendant's witnesses had been subpoenaed. It was undisputed that the altercation between the defendant and the prosecutor occurred in front of a hotel in the presence of several witnesses, and no special or complicating factors appear in the case. Counsel had on the day before indicated that they would be ready for trial. In view of these facts this court cannot say that the trial judge abused his discretion in denying the motion. See *Harris* v. *State,* 119 *Ga.* 114 (1) (45 S. E. 973); *Butts* v. *State,* 211 *Ga.* 16 (1) (83 S. E. 2d 610); *Cannady* v. *State,* 190 *Ga.* 227 (9 S. E. 2d 241). Special ground 1 is without merit.

■ Special ground 2 of the amended motion is an amplification of the general grounds which complains that there is no evidence in the record that the defendant cut and beat the prosecutor, Flanders, with a sharp instrument as charged in the indictment. The evidence sustaining this allegation is to the effect that Flanders sustained a cut on his head, which was visible for examination by the jury, and that he testified: "I received blows from something that felt like a stick. I sustained this injury, which was a cut that went to the skull. It went to the skull and required four stitches by the doctor and attendant." A cut is the type of wound which is produced by a sharp instrument, and testimony that one *felt* a blow is direct evidence that the blow was inflicted. See *Kennedy* v. *State,* 68 *Ga. App.* 852 (24 S. E. 2d 321); *Paschal* v. *State,* 125 *Ga.* 279, 280 (54 S. E. 172). The testimony is supported by the opinion evidence of the medical witness as follows: "I don't think the wound was caused by a blunt instrument, because there was no swelling at the area of the lacerations. It was a sharp wound like a cut. And the other wounds were bruises." There being no evidence that the co-defendant Kirkland who was acquitted by the jury trying both jointly, struck the victim, the cut could have been inflicted only by Davis. The rule is that there is no fatal variance when the weapon alleged is one which causes a certain type of wound, and the weapon used, as shown by the evidence is one capable of effecting the same type of wound, although it is not the instrument named in the indictment, since the State is presumed to be in possession of information as to the type of injury inflicted but may not be able to determine exactly what weapon was used to bring about the result. *Watson* v. *State,* 21 *Ga. App.* 637,

644 (94 S. E. 857); *Habersham* v. *State,* 79 *Ga. App.* 244 (53 S. E. 2d 578); *Davis* v. *State,* 211 *Ga.* 76 (1) (84 S. E. 2d 46). The general grounds and special ground 2 of the amended motion are without merit.

■ From what has been said in the preceding division of this opinion it is clear that there was direct evidence to the effect that the victim was injured by a sharp instrument. The finding of the jury which was trying the defendants Davis and Kirkland jointly, and which acquitted Kirkland, eliminates the possible question as to whether the sharp instrument was wielded by Kirkland rather than Davis because Kirkland, had he engaged in the affray at all, would have been jointly guilty with Davis regardless of who had control of the sharp instrument, and, being acquitted, must be presumed not to have engaged in the altercation. The wound itself is direct evidence in support of the allegations of the indictment. There is in addition direct testimony of the prosecutor and several bystanders that Davis inflicted the injuries which the prosecutor received. Accordingly, the contention that it was reversible error to omit a charge on circumstantial evidence is without merit, as the conviction does not depend upon circumstantial evidence in its entirety.

■ Error is assigned in special ground 6 because the trial court, after stating the offense and punishment for battery, added "To beat, in a legal sense, is not merely to whip, wound, or hurt, but includes any unlawful imposition of the hands or arms. The slightest touching of another in anger is battery." That this definition is correct see *Hunt* v. *State,* 49 *Ga. App.* 13 (174 S. E. 156). This indictment, however, charges the manner in which the assault and battery was committed with particularity, as having been made with a sharp stick of a certain description and with other sharp instruments. Where the character of the weapon enters into the description of the offense charged it must be proved as alleged, and cannot be disregarded as surplusage. See *Jackson* v. *State,* 39 *Ga. App.* 35 (145 S. E. 902); *Mays* v. *State,* 39 *Ga. App.* 498 (147 S. E. 403); *Johnson* v. *State,* 127 *Ga.* 277 (56 S. E. 420). The charge of the court authorized the jury to convict this defendant of the offense of assault and battery whether or not they believed that he had used the weapon charged in the indictment, or any weapon at all, and a conviction would

not be authorized unless the jury found that the State had proved its case as laid, including its allegation as to the character of the weapon used. Accordingly, the charge was error which requires reversal of the case.

■ Error is also assigned on the failure to charge the law relating to self-defense. In the absence of request it is generally not error to fail to charge a defensive theory raised only by the defendant's statement. Here, even the statement does not clearly and unequivocally raise the issue of self-defense, but rather suggests a mutual intent to fight. The defendant said in part: "About that time he shoved me back, and that's when I hit him . . . and then he come off the building and we tied up and twisted around and I hit him again . . . he is a man, but he just bit off more than he could handle." The evidence on behalf of the State shows that the victim was set upon, knocked down several times, kicked and cut, and that he sustained very substantial injuries while the defendant sustained none at all.

The trial court erred in denying the motion for new trial for the reason set out in the fifth division hereof.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*