39588. EDWARDS v. THE STATE.

DECIDED SEPTEMBER 5, 1962—REHEARING DENIED SEPTEMBER 18, 1962.

536

*M. C. Pritchard, Pritchard & Thomas,* for plaintiff in error.
*Dewey Hayes, Solicitor General,* contra.

JORDAN, Judge. "Peremptorily forcing one indicted for a criminal offense to trial immediately after appointment of counsel (who was not familiar with the case) to defend him, without giving to such counsel an opportunity to make an investigation of the case or prepare for the defense, is, although no other ground for a postponement or continuance of the case be urged, cause for a new trial." *McArver v. State,* 114 Ga. 514 (40 SE 779). "While all motions for continuance are addressed to the sound discretion of the court and his discretion will not be disturbed unless there is an abuse thereof, in this case the judgment refusing a continuance must be reversed; for, under the circumstances, it was impossible for counsel, in the short time allowed, to make the investigation of the facts which it was their duty to make in order to make preparation for a proper defense of their client." *Cummings v. State,* 151 Ga. 593 (107 SE 771).

One of the most important guarantees of both the State and Federal Constitutions is that every person charged with an offense shall have the privilege and benefit of counsel. This principle has recently been enlarged upon in this State by the decision in Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783), and by legislation in the 1962 General Assembly. This constitutional requirement is denied in substance where court-appointed counsel is not given a reasonable time to prepare his defense before trial. If reasonable time is not given for such preparation, the accused is afforded only the *privilege* of counsel and not the *benefit* of counsel. "As has been several times said by this court, the constitutional guaranty of benefit of counsel to one charged with an offense against the laws of this State means something more than the mere appointment— such counsel is entitled to a reasonable time to prepare his defense properly." *Smith v. State,* 215 Ga. 362, 365 (110 SE2d 635). See also *Edwards v. State,* 204 Ga. 384 (50 SE2d 10); and *Brown v. State,* 120 Ga. 145 (47 SE 547). The motion for continuance in the instant case, being made at the term at which the indictment was found, stands upon a different footing from such motions made at a subsequent term. *Waldrip v. State,* 34 Ga. App. 692 (130 SE 829); *Duke v. State,* 104 Ga. App. 494 (122 SE2d 127).

Therefore, under the facts and circumstances of the case now before us, we feel that the court did not allow a reasonable time for court-appointed counsel to properly prepare for the trial, and that such action was an abuse of the court's discretion. See *Reliford v. State,* 140 Ga. 777 (79 SE 1128), where the Supreme Court held that it was not a sound exercise of discretion of the court to deny a continuance where only 10 minutes was allowed the appointed counsel to confer before the trial.

The trial court therefore erred in denying the motion for new trial on the ground set forth above.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*