## 51039. TUCKER v. THE STATE.

CLARK, Judge.

Defendant was tried and convicted before a jury of the offense of forgery in the first degree. Appeal is now brought to this court from the judgment of conviction and from the denial of defendant's motion for a new trial.

1. Error is enumerated upon the refusal of the trial court to grant a continuance on the ground of lack of opportunity for appointed counsel to prepare a defense. Defendant contends that the denial of the continuance motion deprived him of his constitutional right to benefit of counsel.

Pursuant to Code Ann. § 6-805 (f), counsel for the state and for the defendant stipulated to the following set of facts: Defendant was arrested for the forgery charge on February 23, 1974. Two days later, Mr. Doug Lloyd, Assistant Public Defender for DeKalb County, was appointed by the magistrate to represent the defendant in a possible preliminary hearing. Pursuant to this appointment, Lloyd interviewed defendant on February 25, 1974, "for the purpose of discovering whether or not he desired a [preliminary] hearing." Defendant was subsequently released on $1,000 bond.

An indictment was returned on June 19, 1974, and the case was scheduled for arraignment on July 11, 1974. Defendant obtained the services of Mr. Wayne Moulton, an attorney who regularly engages in criminal practice in DeKalb County courts. Moulton waived arraignment, entered defendant's plea of not guilty and demanded a copy of the indictment and a list of witnesses.

The case was scheduled for trial on December 5, 1974, at which time Moulton notified the district attorney that he had been unable to contact defendant, that he did not know where defendant might be found (although he had heard that defendant might be in jail somewhere), and that he would be unable to represent defendant. The defendant was sent notification, by mail addressed to his last known residence, of an arraignment scheduled for January 9, 1975. He did not appear. It was subsequently discovered that defendant was in jail in Fulton County.

Defendant's trial was rescheduled for February 18, 1975. On that date defendant was transported from the

Fulton County jail to DeKalb Superior Court. It was determined that the Public Defender's Officer should represent defendant and at 3 p.m. Mr. Lloyd was appointed by the court as counsel for defendant. Lloyd, who was engaged in other matters that afternoon, promptly moved for a continuance. The judge deferred ruling on the motion at that time. At 9 o'clock the following morning, the case was called for trial. Mr. Lloyd again moved for a continuance, stating that he had not been given adequate time to prepare a defense. The motion was denied and Lloyd was allowed ten minutes to confer with defendant prior to trial.

In addition to the above facts contained in the parties' stipulation, the record indicates that a list of witnesses, while obtained by Moulton, was never presented to Lloyd. No witnesses were called for the defendant and no evidence was presented in his behalf.

"Benefit of counsel guaranteed by . . . the Constitution (Code Ann. § 2-105), is not satisfied merely by the defendant being represented by counsel on his trial, but his counsel is entitled to a reasonable time after his employment to prepare for his defense in order that he may adequately and effectively represent his client." *Smith v. Greek,* 226 Ga. 312, 317 (175 SE2d 1).

"While the time for preparation of such a case is generally a matter for the discretion of the trial judge, reviewing courts, when called upon, have to review the exercise of that discretion." *Fair v. Balkcom,* 216 Ga. 721, 726 (119 SE2d 691). Although the determination of this issue must invariably rest upon the unique factual situation of each case, the recurring theme of the numerous opinions concerning this problem has been stated thusly: "Undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between these two extremes." *Harris v. State,* 119 Ga. 114, 115 (45 SE 973).

We recognize the practical difficulties which the state may encounter in assuring the attendance of witnesses only to have the trial postponed to a later date. We also recognize the commendable desire of trial courts to expedite the prompt and final disposition of criminal cases. Nevertheless, a defendant's constitutional right to

effective assistance of counsel cannot be curtailed or modified in order to better meet the administrative problems facing our courts now or in the future.

We think it clear, under the facts of this case, that defendant was denied his right to benefit of counsel. Defendant's failure to appear on his initial trial date was not shown to be a dilatory tactic (which defendants sometimes undertake by a last minute change of attorneys), inasmuch as he had been incarcerated in a neighboring county jail. The withdrawal of retained counsel was not communicated to defendant until the day before his trial. The public defender appointed by the court at that time stated he knew nothing about the case and lacked even a copy of the indictment and witness list. The defendant's ten-minute conference with appointed counsel did not satisfy the constitutional mandate. "This constitutional guaranty of 'benefit of counsel' means something more than the mere appointment by the court of counsel to represent the accused. He is entitled to a reasonable time for preparation by such counsel to properly represent him on the trial." *Reliford v. State,* 140 Ga. 777, 778 (79 SE 1128). See *Brown v. State,* 120 Ga. 145 (47 SE 543); *Cummings v. State,* 151 Ga. 593 (107 SE 771); *Edwards v. State,* 204 Ga. 384 (50 SE2d 10).

Defendant's predicament here is similar to that faced by the defendant in *McArver v. State,* 114 Ga. 514 (40 SE 779). There the defendant was in jail during the two-months period prior to trial. His mother had retained an attorney and defendant apparently relied upon this retained counsel to continue to represent him. His attorney withdrew, however, and counsel was appointed by the court shortly before trial. The court refused to postpone the trial, even though appointed counsel knew nothing of the case and had not been furnished a list of witnesses. The Supreme Court reversed the judgment, holding that defendant had a right, not merely to counsel, but to the "benefit of counsel." "Peremptorily forcing one indicted for a criminal offense to trial immediately after the appointment of counsel (who was not familiar with the case) to defend him, without giving to such counsel an opportunity to make an investigation of the case or to prepare for the defense, is, although no other ground

for a postponement or continuance of the case be urged, cause for a new trial." *McArver v. State,* 114 Ga. 514, supra. See also *Smith v. State,* 215 Ga. 362 (110 SE2d 635).

We thus conclude that the denial of the motion for a continuance was an abridgment of defendant's constitutional right to benefit of counsel, necessitating a new trial.

2. Error is enumerated upon the refusal of the trial judge to instruct the jury that it might recommend misdemeanor punishment. The desired instruction is based upon Code Ann. § 26-3101 (a), which provides that "the jury that determines the sentence" may recommend misdemeanor punishment.

The legislature's subsequent enactment of Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 355), which provides for imposition of punishment by the judge in all cases except those in which the death penalty might be imposed, has been construed to repeal by implication the provisions of Code Ann. § 26-3101 (a). *Winslow v. State,* 135 Ga. App. 773. Under the sentencing procedures of Code Ann. § 27-2503, which are applicable to this case, the jury could not determine the sentence to be imposed. Accordingly, there was no error in the trial court's failure to instruct the jury as to the reducible felony provision. *Smokes v. State,* 136 Ga. App. 8.

3. The remaining enumerations of error are either without merit or are not likely to occur upon the retrial of this case.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

Submitted September 3, 1975 — Decided November 6, 1975.

*Roy Douglas Lloyd,* for appellant.
*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Assistant District Attorney,* for appellee.