## 45470. PHILLIPS v. THE STATE.
(368 SE2d 91)

GREGORY, Justice.

Lenny Phillips was convicted of the murder of his wife, Renaee Phillips, and sentenced to life in prison.[1] We affirm.

1. Phillips contends the trial court erred by denying his motion to quash the indictment. The indictment alleged that Phillips "on the 30th day of April, 1987 unlawfully and with malice aforethought, did kill, murder, and cause the death of Renaee Phillips, in a manner and method unknown to the Grand Jury at this time. . . ." Phillips argues he was denied due process since the indictment did not allege the cause of death and, therefore, denied him the opportunity to prepare a defense.

An indictment failing to specify the cause of death is sufficient " 'when the circumstances of the case will not admit of greater certainty in stating the means of death.' " *Hicks v. State*, 105 Ga. 627, 630 (31 SE 579) (1898); See *Gardner v. State*, 216 Ga. 146 (114 SE2d 852) (1960); *Davis v. State*, 97 Ga. App. 342 (103 SE2d 86) (1958). The available evidence at the time of the indictment was that the victim's body was discovered in a decomposed condition near a trash dump. The medical examiner ruled out several possible causes of death but could not ascertain the actual cause of death due to the condition of the body. The accused admitted placing the body at the dump site. He stated she died of no apparent cause during a domestic argument and through no action on his part.

2. Phillips claims his statements made to the police were the product of an illegal arrest and, therefore, inadmissible. The arresting officer, with an arrest warrant in his pocket, went to Phillips' house and convinced Phillips to go to the police station for further questioning. When they arrived at the police station, Phillips was immediately advised of his rights and arrested. He then signed a written waiver of rights and gave two statements to the police. A *Jackson-Denno* hearing was held at trial. The statements were found to be voluntary and they were admitted into evidence.

Phillips maintains he should have been informed he was being arrested while at his home and before going to the police station. We find no merit in this contention.

3. Phillips also claims the trial court erred in denying his motion for directed verdict. However, a review of all the evidence adduced at

---

[1] The crime was committed on April 30, 1987. Phillips was arrested on May 21, 1987. He was indicted during the May term, 1987 and trial began October 14, 1987. He was convicted and sentenced on October 15, 1987. Motion for new trial was denied November 10, 1987. The case was docketed in this court on February 11, 1988 and submitted for decision on briefs on March 29, 1988.

trial in the light most favorable to the jury's verdict shows that a rational trier of fact could have found Phillips guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1988.

*Mobley F. Childs*, for appellant.

*Robert E. Wilson, District Attorney, Nelly F. Withers, Patricia G. Higginbotham, Assistant District Attorneys, Michael J. Bowers, Attorney General, Leonora Grant*, for appellee.