2051.    BLANDON v. THE STATE.

POWELL, J.  1. Admissions of fact made in judicio by the State's counsel in a criminal case for the purpose of simplifying the issues are proper for the consideration of the jury; and an instruction to the jury which directs them to confine their investigation to testimony from the stand and to the statement of the defendant is erroneous. *Myers* v. *State*, 97 *Ga.* 79 (11), 102 (25 S. E. 252).

2. Wherever in a criminal case the evidence takes such a turn as to throw upon the defendant the burden of explaining some fact or of justifying conduct, he does not have to carry this burden by making proof beyond a reasonable doubt. He has carried it sufficiently if, under his proof, taken in connection with the other evidence in the case, there is a reasonable doubt in the minds of the jury as to his guilt. *Lowry* v. *State*, ante, 541 (65 S. E. 353).

3. It is not in compliance with the concluding sentence of section 1060 of the Penal Code of 1895, relating to requests to charge, that the judge should simply state to the jury that he has been requested to give them the charge which he reads them. It is necessary that it should explicitly appear to the jury that the judge himself gives the instruction. *Ga. R. Co.* v. *Flowers*, 108 *Ga.* 795 (33 S. E. 874).        *Judgment reversed.*

Accusation of sale of liquor, from city court of Fitzgerald—Judge Jay.  July 1, 1909.

Argued October 5,—Decided October 13, 1909.

*Alex. J. McDonald, H. J. Quincey,* for plaintiff in error.

*O. H. Elkins, solicitor pro tem,* contra.