37767. AUSTIN *v.* THE STATE.

DECIDED SEPTEMBER 9, 1959.

*Howell C. Ravan,* for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General,* contra.

GARDNER, Presiding Judge. ■ The evidence of Alvin Summerour, the prosecutor, as corroborated by another occupant

of the automobile which he was driving, was that the defendant followed their car, drew up alongside it and sideswiped it, knocking it off the road; shot his pistol in that direction; threatened to shoot the witness' month-old baby unless the prosecutor got out of the car, and then pistol-whipped the latter and left him unconscious. The defendant introduced no evidence but in his statement to the jury denied that he had had anything to do with the beating of the prosecutor. The evidence is, accordingly, amply sufficient to sustain the verdict on the general grounds.

■ The sole special ground of the amended motion for new trial assigns error on a lengthy excerpt from the charge which in the interest of brevity will not be quoted here, but which in substance instructed the jury that certain evidence as to an offer of settlement of the charge of assault and battery had been admitted solely for the purpose of going to the credit or discredit of the witnesses and had no bearing on the guilt or innocence of the defendant; that if the jury believed the crime as charged had been committed prior to the time of the alleged attempted bribery or compounding a felony, if the jury believed there was such attempt, this would not have the effect of exonerating the defendant; that any attempt to compromise or bribe might also be considered on the issue of whether or not a consciousness of guilt on the part of the accused might be inferred therefrom, and that this would be solely for the jury to determine.

It is contended that the charge is error as an abstract principle of law and as inapplicable to the evidence in this case.

The issue as to compromise, bribery, or compounding a felony was injected into the case by the defendant in his statement and by the defendant's counsel in cross-examination. The beating allegedly occurred on June 27, 1958. The defendant stated that later that week, and before this indictment was taken out, he received numerous calls from the State's witnesses wanting to drop the charge for a large sum of money; that the defendant sought the advice of the solicitor-general, who advised him not to do so; that he then went with a deputy sheriff to the witnesses, who stated they would drop the charges for $1,000;

that he gave them the money and the sheriff then "booked them on compounding a felony." The State's witness on cross-examination, when asked whether he is presently under indictment for compounding a felony, replied that he did not try to get any money out of the defendant. The other witness testified as to repeated offers by the defendant to her of money; that he tried to give her money and she would not take it. The charge of the court admitted this evidence for the limited purpose of its bearing on the credibility of the State's witness and for further consideration of whether it showed a consciousness of guilt on the part of the defendant, who in his statement maintained that the assault testified to by the prosecution had not occurred. If the jury believed the defendant, he made no offer of money but enlisted the services of State officers to trap the prosecution witnesses, which would of course reflect upon the credibility of those witnesses. If the jury believed the witnesses in preference to the defendant, they might then believe that the defendant offered to buy the silence of the prosecutor, from which fact they were authorized to infer that the defendant was in fact motivated by a consciousness of guilt. "Any statement or conduct of a person which indicates a consciousness of his being guilty of a crime which has been committed, where at the time or thereafter he is charged with or suspected of the crime, is admissible as a circumstance against him upon his trial for having committed it." *Hixon* v. *State,* 130 *Ga.* 479 (2) (61 S. E. 14). An attempt at bribery is admissible as a circumstance to show guilt. *Whaley* v. *State,* 11 *Ga.* 123. Counsel for the plaintiff in error seeks to distinguish these cases on the ground that they dealt with flight or escape, but one may escape as easily by suppressing evidence as by physical flight.

The record as shown by the statement of the defendant and the cross-examination of the State's witnesses by counsel for the defendant authorized the charge as an attempt at bribery, and while compounding a felony was in the case only to the extent that it appeared from the defendant's statement that the State's witnesses were placed under a charge for this offense growing out of his alleged conduct, the defendant was finally indicted for a misdemeanor instead of the felony of assault with

intent to murder which may have been contemplated at the time the charge was made. Assuming that that part of the charge relating to compounding a felony was unauthorized by the record, it submitted the contention made by the defendant's statement authorizing the jury to discredit the testimony of the State's witnesses, and incidentally at the same time authorized the jury, if they took the view of the State's witnesses instead of that of the defendant, to find a consciousness of guilt on his part.

The charge was not erroneous, either as an abstract principle of law or because it was not adjusted to the evidence.

The trial court did not err in denying the motion for new trial. *Judgment affirmed.* *Townsend and Carlisle, JJ., concur.*