40621. HULSEY v. THE STATE.

HALL, Judge. The defendant assigns error on the overruling of his motion for new trial, on the general grounds, after his conviction for possessing nontax-paid liquor in violation of *Code Ann.* § 58-1056.

There was evidence that nontax-paid whiskey, in the same kind of containers as containers found at the defendant's house, was found on seemingly dead-end paths beginning at the defendant's house. The defendant made a statement at the trial, which was undisputed, that he only rented his house and the land belonged to someone else and there was another house one-fourth of a mile away rented by another tenant. There was testimony that after the whiskey was found and the defendant was arrested he said to law enforcement officers "You all caught me a little far off this time; when you catch me right I always plead guilty, but I am going to have to go to trial on this." This incriminating admission by the defendant was also circumstantial evidence. *Pressley v. State,* 201 Ga. 267, 272 (39 SE2d 478); *Austin v. State,* 100 Ga. App. 147, 149 (110 SE2d 434); *Sheffield v. State,* 107 Ga. App. 610, 612 (131 SE2d 76); *Ledford v. State,* 215 Ga. 799, 805 (113 SE2d 628); Green, Georgia Law of Evidence, 534, § 246.

This case does not fall within that class of cases where the conviction was held unauthorized because the nontax-paid whiskey was so located that others than the defendant might equally have had access to it. *Harris v. State,* 86 Ga. App. 607 (71 SE2d 861); *Walker v. State,* 90 Ga. App. 183 (82 SE2d 258). All the facts and circumstances in evidence, including the defendant's admission, supported the conviction.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*
DECIDED MARCH 13, 1964.

*James I. Parker,* for plaintiff in error.
*Wayne W. Gammon, Solicitor,* contra.