## 51016. WINSLOW v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of attempted burglary and possession of a firearm during an attempt to commit a crime. The only error that is argued on appeal is the failure of the trial court to charge the jury that it might recommend that the defendant be punished as for a misdemeanor. *Held:*

Code § 26-3101 (a), which became effective on July 1, 1969 is no longer the law. At the time of the trial of this case, Code § 27-2503 (Ga. L. 1974, pp. 352, 355), was in effect. This new statute removed the power of the jury to impose punishment except in cases in which the death penalty may be imposed. It provides in pertinent part that ". . . upon the return of a verdict of 'guilty' by a jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed." The 1974 Act did not specifically repeal Code § 26-3101 (a) but it did contain the customary general repealer. Repeal by implication, though not favored, will occur if the later Act embraces the whole subject matter of the prior Act and is entirely repugnant to it. *Lewis v. City of Smyrna,* 214 Ga. 323 (104 SE2d 571). Applying this rule, it is clear that a repeal by implication occurred as the new procedure embraces the subject matter of the prior statute, the power to fix punishment; and secondly, there is a repugnancy between the two statutes. Now a judge

has the sole power to determine the punishment and there is no provision except in capital cases for a jury "that determines the sentence" to make any recommendations as to sentence. There was no error in the failure of the trial judge to charge. that the jury could recommend misdemeanor punishment.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED SEPTEMBER 16, 1975 — DECIDED SEPTEMBER 22, 1975.

*William M. Warner,* for appellant.

*Richard Bell, District Attorney, Steven T. Maples,* for appellee.