## 51064. CLOUD v. THE STATE.

MARSHALL, Judge.

Contrary to his plea appellant was indicted, tried and convicted of aggravated assault. He was sentenced to serve eight years in the penitentiary. The transcript reflects that appellant and a friend were standing in between bus stops on one of the City of Atlanta's MARTA bus lines. The victim of the assault was the driver of one of the MARTA buses. As the bus approached appellant Cloud, he waved at the driver indicating he wished to be picked up. It not only was against company policy to halt a bus between regular stops, but the driver also had passengers who wished to disembark at the next stop. The driver motioned to appellant to go to the next stop. At this

point there was some divergence of testimony, the driver indicating he did not see appellant attempting to catch up to the bus whereas the appellant stated he ran to the bus stop only to have the driver again point toward the next stop and pull off leaving appellant stranded.

In any event, the driver moved on to the end of his assigned route, which was quite close to where the encounter with appellant occurred. The driver left the bus and went into a nearby public establishment. Shortly thereafter, he went back to his bus. As he entered the bus, he saw appellant standing in the bus aisle by the coin meter. The driver assumed appellant wanted a transfer or to put money in the meter and turned his back to the appellant while taking a seat in the driver's seat. At this point, the driver was struck on the back of the head with a blackjack, the property of the driver. He carried it by his seat for protection. After being struck on the head with the blackjack, the driver turned to protect himself. He threw his hands up to protect his head and received a second blow on the hand. The driver jumped off the bus at this time and appellant fled the scene. As a result of the blow to the head, the driver required 12 sutures to close a scalp wound. A small bone was broken in his hand as the result of the blow to that appendage.

In substance, appellant testified that he did in fact strike the driver twice because he was angry. He wanted to hurt the driver because the driver had driven off and left him, but appellant did not want to kill the driver. In addition to the evidence admitting the assault, appellant offered the evidence of a police lieutenant tending to show that a blackjack is not per se a deadly weapon nor did the officer know of any deaths resulting from the use of a blackjack. This evidence was rejected upon objection by the state and never came to the attention of the jury. Appellant appeals his conviction and raises four enumerations of error. *Held:*

1. Appellant's first two enumerations of error deal with the charge of the trial court. During his charge the court informed the jury of the elements of the offense of aggravated assault, including the definition of a "deadly weapon." He pointed out to the jury that in order to convict of the greater offense of aggravated assault the jury would

have to be convinced beyond reasonable doubt that the weapon used was a deadly weapon, and, since the instrument used was not deadly per se, that the weapon utilized was of such size and shape and was used in such a manner as to render it a deadly weapon within the meaning of the governing statute. If the jury was not satisfied beyond reasonable doubt that the weapon was a "deadly weapon" then the jury would be authorized to consider the lesser offense of assault and battery. At this point in his charge, the trial court informed the jury that it was not concerned with sentence, and if guilt were found, the court would determine punishment. The court then continued the definition of and distinction between the greater and lesser offenses of aggravated assault and assault and battery by stating that aggravated assault was a felony calling for punishment of confinement in the penitentiary for an unstated number of years whereas assault and battery was a misdemeanor calling for either a fine, service on the public works, or a fine and a term in jail. Subsequently, in answering questions by the jury after it had begun its deliberations, the court repeated these distinctions. At the last occurrence, appellant objected to the court informing the jury of possible punishments and enumerates the overruling of his objection.

In July, 1974, the sentencing function was removed from the jury (except in capital cases) and made the sole responsibility of the trial court (Code Ann. § 27-2503; Ga. L. 1974, pp. 352, 357). Therefore, the reasoning of the court in *Moore v. State,* 223 Ga. 662 (187 SE2d 277), at page 665, to the effect: "To allow the jury to consider the various sentences for the various offenses authorized by the court's instruction before a determination of guilt would be to repeal the intent of the legislation providing for a prior determination of guilt before considering punishment in felony cases," would appear no longer to be applicable. There is no indication in this case that the trial court was trying to state his opinion as to the nature or severity of the offense or what particular verdict was called for by the evidence. The court appeared simply to be identifying further the differences between the greater and lesser offenses for the benefit, understanding and

application of those principles by the jury.

"This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party . . . It is for the reviewing court to determine whether prejudice has resulted; and if such exclusion did not prejudice the complaining party, and could not have affected the result, the error is harmless." *Dill v. State,* 222 Ga. 793, 794 (1) (152 SE2d 741). Where, as here, the sentence was to be assessed solely by the trial judge and his comments were explanatory only and did not amount to a comment on the evidence or a suggested verdict, assuming arguendo that the trial court erred in mentioning sentence differences between a felony and a misdemeanor and should have, sua sponte, informed the jury it had the right to recommend appellant be treated as a misdemeanant, such error was harmless, and would not have affected the result nor be cause for reversal. *Prater v. State,* 135 Ga. App. 341 (217 SE2d 644); *Dill v. State,* supra.

2. In his second enumeration, appellant complains of the court's omission to charge the jury that it might recommend appellant be punished as a misdemeanant under the provisions of Ga. L. 1968, pp. 1249, 1334 (Code Ann. § 26-3101 (a)).

That provision of the Code Annotated requires: "(a) When a defendant is found guilty of a felony punishable by imprisonment for a maximum term of 10 years or less, *the jury that determines the sentence* may recommend that the defendant be punished as for a misdemeanor. The judge may, in his discretion, follow the recommendation of the jury." (Emphasis supplied.) Under Code Ann. § 27-2503, supra, "[e]xcept in cases in which the death penalty may be imposed, upon the return of a verdict of 'guilty' by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed." The section goes on to state what evidence the judge shall hear and consider. At no point does it require or authorize the judge to ask for or entertain any recommendations by the jury, excluding death cases. We are satisfied that by implication the

quoted section of § 26-3101 (a) of the Code Annotated supra, is no longer of force and effect, effectively having been nullified by the transfer of the sentencing power to the trial judge by virtue of Code Ann. § 27-2503, supra. This enumeration therefore is without merit. *Winslow v. State,* 135 Ga. App. 773.

3. In his third enumeration of error, appellant complains that the trial court erroneously refused to allow a witness called by appellant to testify before the jury that a blackjack was not a deadly weapon and that in his observance of the use of a blackjack he had never known anyone to die from a blackjack injury.

The question presented for the jury's determination was not whether a blackjack was a deadly weapon per se or normally caused death or grievous injury. The question was whether this particular instrumentality (the blackjack used by appellant) was used in such a way that its use made it a dangerous and deadly weapon. The witness was not familiar with this particular blackjack and was not aware of the manner in which it was used. While the opinion that "a" blackjack is not a dangerous instrumentality is peripherally relevant to the question presented to the triers of fact, it would not furnish helpful information as to whether this instrumentality could be or was used in such a manner as to cause its particular use to be dangerous. Though it might have been error to exclude the "expert" testimony of the police officer as to the nature of "a" blackjack, "[i]t is not every erroneous exclusion of evidence that will suffice to reverse a judgment, and a case will not be reversed for error in the rejection of evidence unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right." *Hall v. State,* 202 Ga. 619, 620 (44 SE2d 234). See also, *Brown v. City of Atlanta,* 66 Ga. 71; *Dill v. State,* supra. We conclude that the exclusion of the expert testimony did not prejudice appellant's substantial rights and could not have affected the result of the trial. Therefore, this error was harmless. *Brown v. City of Atlanta,* supra.

4. In his fourth enumeration of error, appellant alleges the trial court erred in denying his motion for a new trial. He relies upon Enumerations 1 and 3 of

this appeal as the basis for this allegation. In view of our conclusion in Divisions 1 and 3 hereinbefore, further discussion of this final enumeration is unwarranted and unnecessary. The verdict and judgment of the court below is affirmed.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 16, 1975 — DECIDED OCTOBER 21, 1975.

*Al Bridges,* for appellant.
*Richard Bell, District Attorney, Alton G. Hartley, Assistant District Attorney,* for appellee.