## 51754. BURTON v. THE STATE.

CLARK, Judge.

Defendant appeals his burglary conviction, enumerating as error the general grounds and a portion of the court's jury charge. *Held:*

1. Defendant was captured by two Atlanta police officers responding to a silent alarm at Westmont Cleaners. Officer Mulinski, who covered the front of the establishment, positively identified defendant as the person he saw in the building. Officer Gwaltney saw defendant crawl out of the laundry's fan duct and arrested him as he was exiting through the duct in the rear of the building. The owner of the business stated that the clothes which were found in piles on the floor had previously been on hangers.

The jury could properly have concluded from the

above evidence that defendant had entered the building without authority and that he intended to commit a theft therein. See Code § 26-1601. Accordingly, the general grounds are without merit.

2. Defendant's remaining enumeration alleges that the trial court failed to give a complete charge on the lesser included offense of criminal trespass. The trial court did give an instruction on the provisions of Code § 26-1503 (b) (1), which provides for a criminal trespass conviction upon proof of an unauthorized entry "for an unlawful purpose." Defendant asserts, however, that the trial judge should also have charged Code § 26-1503 (a), which applies misdemeanor punishment to one who "intentionally damages any property of another without his consent and the damage thereto is $100 or less, or knowingly and maliciously interferes with the possession or use of the property of another person without his consent."

We note, initially, that the evidence presented did not appear to warrant an instruction on subsection (a) of our criminal trespass statute. In addition, defendant's failure to request an instruction on this Code provision precludes a reversal of the judgment below. Our Supreme Court in the recent case of *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354), undertook to clarify for the trial courts what must be charged and what may be charged and what need not be charged in the area of lesser included crimes in criminal cases. Four rules are stated, the second being applicable to this appeal. It reads: "The trial judge also may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. . ., his failure to do so, without a written request by the state or the accused, is not error." Accordingly, this enumeration is without merit.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

Submitted February 2, 1976 — Decided February 17, 1976.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.