30879. BYERS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Eugene Roy Byers was convicted of armed robbery and sentenced to serve 18 years. He appeals to this court. *Held:*

1. The indictment charged the appellant with armed

robbery by taking "from the person of Agnes Head, the following property, to wit: Cash, of the property of Fifth Avenue Cab Company, of the value of less than $100, by use of a knife, the same being an offensive weapon."

The evidence was sufficient to authorize the jury to find that Agnes Head and her husband owned the Fifth Avenue Cab Company and that she was operating the cab belonging to the company when she was robbed at knifepoint by the appellant. The appellant contends that there is a fatal variance between the allegations of the indictment and the proof. There is no merit in this contention. As stated in *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801) (1969), "We have not been able to locate any Georgia cases which set out a general rule to be applied in the determination of whether or not a variance between the allegation and the proof is so material that it is fatal. The United States Supreme Court, however, has evolved a criterion which seems to us to be reasonable. 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' . . . Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)." The appellant here was not subjected to either of these dangers and we find that the trial court did not err in overruling the motion for directed verdict based on the ground of fatal variance. *Bell v. State,* 227 Ga. 800, 802 (183 SE2d 357) (1971); *Seabolt v. State,* 234 Ga. 356 (1) (216 SE2d 110) (1975).

2. The appellant contends that the trial court erred in charging the jury on flight. The evidence shows that the appellant told his mother that he was in trouble with the law as a result of his activities; that he had planned a round-trip visit to Milledgeville, Georgia, from Whitfield County but exchanged his ticket for a one-way ticket when he arrived at the bus station; and that he was apprehended in front of the bus station while awaiting the bus.

The trial court charged the jury: "It is for the jury to

determine whether the flight of the defendant, if any such has been proven, was due to a sense of guilt or for other reasons, and if for other reasons no inference utterable to the defendant on trial should be drawn." "Although the jury might have found that the appellant's flight was for reasons unconnected with the crime for which he was subsequently convicted, the evidence of flight presented an issue for the jury. *Kalb v. State,* 195 Ga. 544 (25 SE2d 24) (1943)." *Holsey v. State,* 235 Ga. 270, 272 (219 SE2d 374) (1975).

There is no merit in this contention.

3. The evidence was sufficient to authorize the verdict and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 8, 1976 — DECIDED APRIL 6, 1976.

*M. Gene Gouge,* for appellant.

*Samuel Brantley, District Attorney, Arthur K. Bolton, Attorney General, H. Stephen Parker, Assistant Attorney General,* for appellee.