## 30999. NAIR v. THE STATE.

HALL, Justice.

On the evening of October 23, 1973, Mr. Frank Otis, an insurance salesman, left his home to collect his weekly premiums from his customers. His badly beaten body was found in a soybean field two days later. The defendant, Fleming Nair, Jr., was arrested on January 18, 1974, in Miami, Florida, charged and convicted in Burke County of Otis' murder and robbery, and now files this appeal. He objects to the sufficiency of the evidence, to the charges by the court on admissions and flight, and to the

admissibility of certain physical evidence. We affirm.

1. Enumerations of error 1, 2 and 3 allege the general grounds. Although the evidence is admittedly circumstantial, its weight is overwhelming. On the evening Otis disappeared, Nair and his wife were seen mopping their kitchen. Traces of blood were found on the walls, on a door bar, and on several sheets in Nair's room, and several pools of blood were noted outside the back door in addition to a mark, as if something heavy had been dragged across the yard. A key, nail clippers and flashlight belonging to Otis were also found in the home. Otis' car, located several yards from his body, had a pool of blood in it as well as a butcher knife belonging in Nair's kitchen. A nearby pond revealed Otis' collection book, which indicated a visit to Nair's home that day, an extension cord to a washing machine in Nair's room and the victim's tie and glasses. Blood-stained blankets were discovered among Nair's personal effects in Augusta, where Nair and his wife had moved the day after Otis disappeared. All of the blood was proved to be human by the state crime laboratory and typed as International Blood Group O. These enumerations of error relating to the sufficiency of the evidence thus have no merit.

2. In Nair's fourth enumeration, he alleges that the court erred in charging the law of admissions when no incriminating statement was made by him. At trial, during both a Jackson v. Denno hearing and again before the jury, the state without objection elaborately questioned the sheriff who had arrested Nair as to the voluntariness of his statement. The court's charge on admissions was as follows: "An alleged statement by the defendant was admitted in evidence . . . You should consider with great caution the evidence of any admission . . . The jury may believe admissions or incriminating statements in whole or in part, believing that which they find to be true and rejecting that which they find to be untrue." Nair contends that this amounted to a statement by the court that he had made an admission. We disagree. The charge merely authorized the jury to determine whether or not the statement was an admission. *Hardy v. State,* 100 Ga. App. 88 (110 SE2d 82) (1959); *Shellman v. State,* 157 Ga. 788 (122 SE 205) (1924). See also *Lerch v. State,* 234 Ga.

857, 858 (218 SE2d 571) (1975).

Similarly the court did not err in charging the jury on the law of flight. Nair and his wife had left Waynesboro and moved to a relative's home in Augusta the morning after the murder; Nair was later arrested in Miami, Florida. There was also, however, some evidence that he had left his Waynesboro address at the request of his stepfather, who also lived in the same house. Thus, a jury question was presented as to whether Nair left for that reason or because of consciousness of guilt, and the court properly so charged. *Holsey v. State,* 235 Ga. 270 (219 SE2d 374) (1975). See *Welborn v. State,* 236 Ga. 319 (223 SE2d 698) (1976).

3. In Nair's sixth enumeration of error he urges that the trial court erred in admitting the butcher knife, door bar, wooden floor board and white sheet found in Nair's Waynesboro residence and the blue thermal blanket and the T-shirt from his room in Augusta. All of these items had on them spots identified by the crime laboratory as human, international type O blood. Nair objects to their admission because there was no competent evidence of the victim's blood type. The presence of the human blood, however, is competent, relevant, and material circumstantial evidence linking the victim and Nair. Furthermore, it was corroborated by the presence of several of Otis' articles in the home as well as several items from Nair's house found with the body. This contention thus had no merit.

The enumerations of error raised by Nair present no grounds for reversal. We accordingly affirm.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 5, 1976 — DECIDED MAY 18, 1976.

*Saul, Blount & Avrett, Percy J. Blount,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.