## 53496. HENDERSON v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for burglary. *Held:*

1. The evidence was sufficient to sustain the verdict and judgment.

2. The failure to charge a lesser included crime was not error in the absence of a written request by the defendant. *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354). See *Burton v. State,* 137 Ga. App. 686 (2) (224 SE2d 876).

3. The defendant contends it was error to fail to charge that the jury might recommend that defendant could be punished as for a misdemeanor. Under Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) this principle no longer need be charged. *Winslow v. State,* 135 Ga. App. 773 (219 SE2d 21); *Cloud v. State,* 136 Ga. App. 244, 247 (2) (220 SE2d 763).

4. It is urged that the trial judge erred in failing to instruct the jury, without request, on misfortune or accident (Criminal Code of Georgia § 26-602; Code Ann. § 26-602 (Ga. L. 1968, pp. 1249, 1269)) and on mistake of fact (Criminal Code of Georgia § 26-705; Code Ann. § 26-705 (Ga. L. 1968, pp. 1249, 2170; 1969, pp. 857, 859)).

In *Whigham v. State,* 131 Ga. App. 261, 262 (205 SE2d 467), this court held that a charge on § 26-602 was not required "in the absence of a timely written request where the court charges on the essential elements of the crime with which the defendant is charged, including the necessity of intent, with which the crime is committed." Here misfortune or accident was not a material issue. However, this is not true as to mistake. The defendant testified he went into the store, which he was charged with burglarizing and where he was caught, thinking it was open and tried subsequently to leave but was unable to because the door had locked. In view of the time (late at night) and many other factors the jury was authorized to find such story incredible. Nevertheless, it was the defendant's sole defense and excuse. Hence, the failure to give a charge on the subject, even without request, was error. *Glaze v. State,* 2 Ga. App. 704 (2, 3) (58 SE 1126); *Wittle v. State,* 50 Ga. App. 170 (1) (177 SE 356); *McRoy v. State,* 131 Ga. App. 307, 308 (3) (205 SE2d 445).

*Judgment reversed. Stolz and Shulman, JJ., concur.*

ARGUED FEBRUARY 4, 1977 — DECIDED FEBRUARY 25, 1977.

*C. C. Perkins,* for appellant.
*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.