## 55406. CHILDERS v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of theft by deception. *Held:*

1. The substance of the state's case was that the defendant was hired to teach an adult education class at Savannah State College; that although she was paid for teaching the class, no classes were ever held, and that she paid 20 per cent of her pay to her co-indictee Scott, an academic dean at Savannah State. Defendant testified in her own behalf. Her testimony was to the effect that she was advised by Dean Scott, who was her superior, that he would obtain someone else to teach the class who actually conducted the class and that her only responsibility would be to test the students for progress after the classes had ended; that she thought the classes were actually being taught and did not learn differently until she met with a Mr. Waters, administrator of the Adult General Education Chatham County. Defendant requested in writing that the court charge on misapprehension of fact under Code § 26-705 and on this defense to crime. It provides: "A person shall not be found guilty of a crime if

the act or omission to act constituting the crime was induced by a misapprehension of fact, which, if true, would have justified the act or omission." The defendant by her testimony raised this defense. The state makes the argument that defendant's testimony is incredible. The credibility of a witness is a jury question. Code § 38-1805. Mistake of fact was defendant's sole defense. It was reversible error for the trial judge to fail to charge as requested. *Henderson v. State,* 141 Ga. App. 430 (233 SE2d 505).

2. A letter purportedly written by an attorney who at the time was representing defendant was admitted over the defendant's objection that it was not shown to be genuine or properly authenticated. The state failed to show that the exhibit was genuine and it was error to admit it over the objection made. *Freeman v. Brewster,* 93 Ga. 648 (21 SE 165). As we reverse for the error committed in the charge, we need not assess whether this error was harmful or not.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

SUBMITTED FEBRUARY 27, 1978 — DECIDED APRIL 5, 1978.

*Jones, Osteen & Jones, Charles M. Jones, Billy N. Jones,* for appellant.

*Andrew J. Ryan, III, District Attorney, William H. McAbee, II, Robert M. Hitch, III, William O. Cox, Assistant District Attorneys,* for appellee.