## 59550. MOON v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of aggravated assault. *Held:*

1. Admission in evidence of a witness' first offender conviction for violation of the Georgia Controlled Substances Act — for impeachment purposes, is not error. *Favors v. State,* 234 Ga. 80 (3) (214 SE2d 645).

2. After the close of all evidence, but before argument — counsel for the defendant stated: "I have obtained information which has lead me to believe that fraud, a possible fraud, has been perpetrated in this case. I can't say more than that . . ." Counsel then requested permission to withdraw and was refused. Thereafter, he refused to present argument on behalf of the defendant. He was directed to do so by the court and reluctantly complied — after consultation with his client. On appeal, different counsel argues that the court erred in denying the trial defense counsel's motion to withdraw.

We find no error. The question before us is not whether counsel took the proper action as a member of the bar, but whether the action he took deprived his client of the effective assistance of counsel. Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799), exposited the constitutional right of a defendant to the services of an attorney at every stage of a criminal trial. However, Anders v. California, 386 U. S. 738, 744 (87 SC 1396, 18 LE2d 493), also established that counsel for a criminal defendant could not withdraw without consent of the court. The general rule is well stated in Corpus Juris Secundum, that "[a]n attorney may not, in the absence of the client's consent, or compelling circumstances, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court." 7A CJS 393, Attorney & Client, § 221; see also: State Bar of Georgia, Handbook 1979-80, Ethical Consideration 2-32; Directory Rule 2-110; and Standard 22.

The Commentary in the ABA Standards for Criminal Justice, The Defense Function (Tentative Draft) 173, states: ". . . it is a part of counsel's obligation of fidelity to his client that in his role as advocate, his conduct of the case not be governed by his personal views of right or justice but by the task he has assumed of furthering his client's interest to the fullest extent that the law and the standards of professional conduct permit." See DR 7-102; Canon 7; EC 7-26; and DR 7-106. Where counsel is aware — before trial, that perjured testimony may be used during trial, he should withdraw from the case — but if discovery occurs during the trial and "withdrawal from the case is not feasible or is not permitted by the court . . . the lawyer may not lend his aid to the perjury." ABA Standards for Criminal Justice, The Defense Function (Tentative Draft) 275; § 7.7 (c). Here, counsel reported the matter to the court and the court determined that withdrawal was not feasible.

A trial judge has considerable discretionary power in matters concerning the conduct of a criminal trial (*Wheeless v. State*, 135 Ga. App. 406, 408 (218 SE2d 88)), including excusal and substitution of defense counsel. People v. Dolgin, 114 NE2d 389, 396 (415 Ill. 434). The trial court did not abuse its discretion in failing to permit withdrawal of counsel at this stage of the proceeding. United States v. Young, 482 F2d 993 (7) (5th Cir. 1973). This is particularly true when the defendant does not join in the request (Jackson v. State, 135 A2d 638, 641 (214 Md. 454, U. S. cert. den. 356 U. S. 940)) and prejudice to the defendant has not been demonstrated. See State v. Truman, 204 A2d 93, 98 (124 Vt. 285). This enumeration is without merit.

3. Defendant moved for a mistrial on the basis that his counsel's "argument [was] going to be so severely limited that whatever opportunity or chance that he may have had to have an effective advocate to sway a borderline juror [was] not going to be there." First, " '[t]he burden is on him who asserts error to show it affirmatively by the record.' " *Kemp v. State*, 226 Ga. 506, 507 (175 SE2d 869); *Marshall v. State*, 239 Ga. 101 (2) (236 SE2d 58). Secondly, "[a]ppellant must demonstrate error which has harmed him." *Collier v. State*, 244 Ga. 553, 559 (261 SE2d 364). The record does not demonstrate harm to the defendant. We can sympathize with counsel who is placed in such a predicament, but his position was not the fault of the state or the court. And — that which was revealed by defendant's counsel was insufficient to require withdrawal of counsel, and our examination of argument of counsel passes muster under the criteria of *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515), in which our Supreme Court "adopted the standard

for determining the effectiveness of counsel as . . . the constitutional right to assistance of counsel [means] 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering *reasonably effective assistance.* ' " *Alderman v. State,* 241 Ga. 496, 511 (246 SE2d 642). Thus, not only does the defendant not show prejudicial error in the record, or harm, but conversely the record evinces effective assistance of counsel. The trial court did not err in denying defendant's motion for mistrial.

4. Defendant argues that the trial court erred "in failing, sua sponte, to disqualify itself from imposing sentence upon defendant." After verdict the jury was excused and before imposing sentence the judge stated: ". . . the jury has by its verdict found that the defendant was not truthful, guilty of perjury to be brutally frank, in the account he gave to the jury under oath as to the circumstances of the case." Defendant now contends that this shows "[t]he fact of perjury weighed heavily on the mind of the Trial Court at the time of imposing sentence."

Counsel has cited no authority for·requiring a trial judge in a criminal case to recuse himself, sua sponte, for a remark — unobjected to, which might later be found offensive to defendant's appellate counsel. "Alleged prejudice or bias of a trial judge which is not based on an interest either pecuniary or relationship to a party within a prohibited degree (Code Ann. § 24-102) affords no legal ground of disqualification." *Jones v. State,* 219 Ga. 848 (1) (136 SE2d 358). "The statutory grounds of disqualification contained in this section are exhaustive." Id. at 849. Statements of a trial judge which indicate he believes the defendant guilty — when not made before the jury, will not require recusal. *Clenney v. State,* 229 Ga. 561, 562 (192 SE2d 907); *Harrison v. State,* 20 Ga. App. 157, 158 (92 SE 970); *Plummer v. State,* 27 Ga. App. 185 (2) (108 SE 128); *Mitchell v. State,* 136 Ga. App. 658 (3) (222 SE2d 160). "Prejudice, bias or prejudgment or even an exhibition of partisan feeling, when not arising from [the statutory] grounds, is ordinarily not assignable as a ground of disqualification." *Robinson v. State,* 86 Ga. App. 375, 378 (71 SE2d 677); *Garland v. State,* 110 Ga. App. 756, 760 (concurring opinion) (140 SE2d 46); see also *Cason v. State,* 16 Ga. App. 820, 827 (86 SE 644).

Furthermore, waiver of disqualification of a trial judge may be effected expressly by agreement, or impliedly by proceeding without objection with the trial when the fact asserted as disqualifying is known to the defendant. *J. B. v. State,* 139 Ga. App. 545 (2) (228 SE2d 712); *Jackson v. State,* 146 Ga. App. 736 (2) (247 SE2d 512); *Nix v. State,* 236 Ga. 110 (1) (223 SE2d 81). The issue of

disqualification of the trial judge cannot be raised for the first time in the appellate court. *Hester v. Mathis,* 147 Ga. App. 257 (1) (248 SE2d 538); see also *Knight v. State,* 143 Ga. 678, 683 (8) (85 SE 915). The trial defense counsel raised no objection during trial to the remark now found offensive by appellate counsel. No ruling was sought, and we find no obligation of the court to recuse himself sua sponte. However, a judge should avoid the appearance of impropriety (Canon 2, 231 Ga. A2) and should abstain from public expression about a proceeding before his court (Canon 3 A (6), 231 Ga. A4) and should disqualify himself in a proceeding in which his impartiality might reasonably be questioned (Canon 3 C (1), 231 Ga. A5). We find this enumeration to be without merit.

5. The court charged the jury that *"you may consider* either flight from the scene of the occurrence by the defendant, if any such has been proved, or *a deliberate effort* on the part *of the defendant to impede a police investigation,* if such has been proved, and from either or both of these facts, if proved, *an inference of guilt may arise;* but flight . . . or a deliberate effort to impede a police investigation . . . are in either event subject to explanation, and the weight to be given to either of them . . . or whether or not the jury will draw from either of them or both of them a consciousness of guilt is for the jury to determine." (Emphasis supplied.) Defendant argues that his "primary objection to this portion of [the] Court's charge is based on the fact that there is no law to support it."

Thus, the specific issue presented is whether there is "law to support" the charge given. The defendant does not argue that the charge is unsupported by the facts. That portion of the charge relating to "flight" as a basis for a charge on "sense of guilt" (*Byers v. State,* 236 Ga. 599 (2) (225 SE2d 26)) or "consciousness of guilt" (*Nair v. State,* 236 Ga. 892, 894 (226 SE2d 61)) is so well known as not to require citation of authority. See *Montgomery v. State,* 241 Ga. 396 (3) (245 SE2d 652).

"Any statement or conduct of a person indicating a consciousness of guilt, made at a time when he is charged with or accused of crime or thereafter, is admissible as a circumstance against him on his trial . . . his actions in the presence of those who discovered the crime, or who are attempting to solve it, are relevant if they tend to throw light on the matter." 2 Underhill's Criminal Evidence 912, § 370; accord, 22A CJS 1029, Crim. Law § 730. "After a crime has been committed, any attempt by a person who is subsequently accused of the crime to mislead the investigating officers is generally relevant and admissible, and any attempt by such person to obstruct an investigation of an issue is relevant on the trial of such issue." 22A CJS 490, Crim. Law, § 636. " 'Any

statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time or thereafter, charged with or suspected of crime, is admissible against him upon his trial for committing it.' " *Ryals v. State,* 23 Ga. App. 86 (1) (97 SE 444). Accord, *Grant v. State,* 122 Ga. 740, 741 (50 SE 946); *Hixon v. State,* 130 Ga. 479, 482 (61 SE 14); *Austin v. State,* 100 Ga. App. 147, 149 (110 SE2d 434). "Evidence of an act by an accused, intended to obstruct justice or avoid punishment for the crime for which he or she is on trial, is admissible if the act constitutes an admission of conduct." *Smith v. State,* 142 Ga. App. 1, 3 (234 SE2d 816). See also *Bryant v. State,* 229 Ga. 60, 64 (189 SE2d 435). This was evidence of an act of the accused, introduced by him as to his conduct at the time of the incident. The court correctly instructed the jury as to how they could treat such conduct. We find no error.

6. We have examined the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED MARCH 3, 1980 — DECIDED APRIL 10, 1980 —

*David R. Montgomery,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.