## 61729. GOODRUM v. THE STATE.

Quillian, Chief Judge.

The defendant brings this appeal from his conviction of the offense of aggravated assault. *Held:*

1. It is alleged that the trial court erred by intervening in defense counsel's cross-examination of a state witness.

The defendant was charged with shooting Sammy Robinson with a rifle. A confrontation occurred at the home of Donish Pye when the defendant demanded Robinson pay him $3.00 that he owed him. Robinson was the foreman of a construction crew on which the defendant worked. Robinson had fired him. A witness testified that when the defendant demanded $3 Robinson reached in his pocket and brought out his money but also had a closed knife. The defendant returned to his car and produced a rifle. The witness, Freddie Childs, stated that he pushed Robinson back into Pye's house and took the $3 to defendant who refused to accept it and departed. Robinson then drove to his home, approximately "five houses" down the same street. The witness saw the defendant drive in the same direction. As Robinson was trying to unlock his front door the defendant "jumped out and when he come out, he come out with the gun and went to shooting."

On cross-examination the witness was asked: "Q. And then, you saw A. C. [Goodrum - the defendant] coming up the street, didn't you? A. Yes, sir. Q. All right, sir. Now, you don't know what A. C. — what sort of signal that Sammy [Robinson - the victim] made to A. C. before A. C. stopped, do you? A. No, sir." The district attorney objected on the basis that counsel was "assuming facts not in

evidence . . . There has been no testimony that there was any signal made by Mr. Robinson." The court sustained the objection and instructed the jury to disregard as "[t]here has been no evidence that anybody gave anybody a signal. . . ." The next question by counsel was: "Q. Did you see Sammy [Robinson - the victim] give a signal to this man? A. No, sir. Q. You're not saying he didn't though, are you? THE COURT: That is argumentative, Mr. Fears. Ladies and gentlemen, I instruct you to disregard that question about a signal. There is no evidence of a signal."

Although a defendant has a right to a thorough and sifting cross-examination of the witness (Code Ann. § 38-1705 (Code § 38-1705)), the scope of cross-examination is not unlimited (*Decker v. State,* 139 Ga. App. 707, 708 (229 SE2d 520)), and the extent of examination is largely within the discretion of the trial judge and will not be controlled by an appellate court except for abuse of discretion. *Mitchell v. State,* 236 Ga. 251, 256 (223 SE2d 650). In the instant case, counsel has been curtailed on this same subject matter just prior to the ruling now complained of on appeal. We find no abuse of discretion of the procedure used by the trial court. *Post v. State,* 201 Ga. 81, 83 (39 SE2d 1).

2. Defendant contends it was error for the trial court, over objection, "to allow the state to introduce testimony into evidence not properly the subject of redirect examination." On redirect the district attorney explained that he had only one question, and proceeded to ask it. A ruling of the court was not obtained.

"Redirect examination and recross are strictly speaking, not for the purpose of introducing new matter, but the judge in his discretion may permit the questioner to inquire about something which he should have asked about during an earlier step but which was overlooked." Green, Ga. Law of Evidence 317, Witnesses § 126; Accord, *Aycock v. State,* 62 Ga. App. 812 (2) (10 SE2d 84); *Watson v. State,* 153 Ga. App. 545, 548 (3) (265 SE2d 871); see also *Britten v. State,* 221 Ga. 97, 101 (143 SE2d 176); *Butler v. State,* 226 Ga. 56 (9) (172 SE2d 399). The trial court did not abuse its discretion.

3. Defendant enumerates as error the trial court's refusal to charge his requested instructions on "presumption of innocence," "bare suspicion," "reasonable doubt," "presumption that no crime has been committed," and "presumption of innocence" and "reasonable doubt" as it applies to facts "susceptible to two (2) interpretations."

"Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error." *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820); *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365). The trial

court adequately and fairly charged the jury on the subject matter of all requested instructions. Enumerations of error 3, 4, 5, 7, and 8 are without merit.

4. Counsel also requested a charge upon the duty of a juror to discuss and consider the opinions of other jurors. The charge was similar to the so-called "Allen" or "dynamite" charge usually reserved for deadlocked juries. See Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528). We have held before that "the trial jurist should have discretion as to the time when the jurors should be informed as to their duties in this respect" and it is not error to refuse to give it in charge in the initial instructions. *Mize v. State,* 140 Ga. App. 17 (5) (230 SE2d 81); see also *Thornton v. State,* 145 Ga. App. 793, 794 (245 SE2d 22).

5. The court did not err in giving a charge on flight. The witness Childs stated that he saw the defendant shoot the victim, then get in his car and leave. A witness who lived across the street from the victim saw "a black man" shoot Sammy Robinson from the "middle of the street" while Robinson "was unlocking his door." After the man shot Robinson, "[h]e got in his car and left." Mrs. Brown, Robinson's next door neighbor, heard the shots and went outside. She saw Robinson, still attempting to open his door. She asked him if he was shot. He said yes. Mrs. Brown also knows the defendant. She did not see him or his automobile at that time.

" 'It is for the jury to determine whether the flight of the defendant, if any such has been proven, was due to a sense of guilt or for other reasons, and if for other reasons no inference utterable to the defendant on trial should be drawn.' " *Byers v. State,* 236 Ga. 599, 600 (2) (225 SE2d 26). Thus, where the defendant departs the scene immediately after the incident, it is not error to give in charge "flight" of the defendant — for it is for the jury to determine if his sudden departure was due to consciousness of guilt or other reasons. *Nair v. State,* 236 Ga. 892, 894 (2) (226 SE2d 61). The state requested the charge. Under the facts of the instant case, it was not error to give it.

6. Defendant contends that the offense for which he was convicted was a "reducible felony" under Code Ann. § 26-3101 (Ga. L. 1968, pp. 1249, 1334) and "it was harmful error for the Trial Court to fail to charge the Jury that they could recommend misdemeanor punishment upon a finding of guilty." We do not agree.

Code Ann. § 26-3101 (a) provides, in part, that "*the jury that determines the sentence* may recommend that the defendant be punished as for a misdemeanor." However, under Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357), in non-capital cases the judge now determines sentence after a verdict or plea of guilty. This Court held that "[t]he legislature's subsequent enactment of Code Ann. §

27-2503 ... has been construed to repeal by implication the provisions of Code Ann. § 26-3101 (a)...." *Tucker v. State,* 136 Ga. App. 456, 459 (221 SE2d 664); accord, *Winslow v. State,* 135 Ga. App. 773 (219 SE2d 21). Accordingly, it was not error for the trial court to refuse to charge the provisions of Code Ann. § 26-3101 (a). *Smokes v. State,* 136 Ga. App. 8 (5) (220 SE2d 39); *Cloud v. State,* 136 Ga. App. 244 (2) (220 SE2d 763); *Henderson v. State,* 141 Ga. App. 430 (3) (233 SE2d 505).

7. We have examined the remaining enumerations and found them to be without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 28, 1981 —
REHEARING DENIED MAY 21, 1981 

*Alfred D. Fears, William P. Bartles,* for appellant.
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.

Defendant argues that *Blandon v. State,* 6 Ga. App. 782 (65 SE 842) mandates "reversal of a conviction ... when a Trial Court while giving its charge to the Jury revealed that certain portions of the charge had been requested by one party or the other." And, that when the prosecutor requested a charge on flight in front of the jury in the instant case "this rule of law has been violated." We cannot agree. *Blandon* based reversal upon *Georgia R. &c. Co. v. Flowers,* 108 Ga. 795 (1) (33 SE 874) wherein counsel handed requests to charge to the judge in the presence of the jury and the court gave them in charge. The Supreme Court held that the trial court should "inform [the jury] that such requests are correct propositions of law ... [but] the omission to do this will not be held cause for a new trial, if it appears that all requests ... [were] proper." Id. We have held in this case that the charge on flight was warranted by the evidence.

The Supreme Court has reaffirmed its holding of *Dotson v. State,* 136 Ga. 243 (3) (71 SE 164) that in giving requested instructions "the court should do so in such a manner as to impress the jury that such are emanations from the court ... [but] a new trial will not be granted solely because the court ... read them to the jury, with the preface, 'The defendant has requested' " a charge which he gave. *Weatherby v. State,* 213 Ga. 188, 194 (97 SE2d 698); *Dupree v. State,* 213 Ga. 348 (2) (99 SE2d 81). We find no cause for reversal.

*Motion for rehearing denied.*