68431. BUTLER v. THE STATE.
(323 SE2d 628)

QUILLIAN, Presiding Judge.

The defendant, Richard Butler, appeals his conviction for the offense of theft by taking. Jerry Burgan and his wife drove their 1973 gold colored Mercedes to the movies at the South DeKalb Mall at approximately 7:00 p.m. on the evening of January 22, 1983. When they returned to the car, it had been stolen. A state highway patrolman arrested Butler at 11:00 a.m. on January 23, 1983 on I-85 just north of Greensboro, North Carolina, for driving 66 miles per hour in a 55 mile per hour zone. Butler told the officer his name was Jerry Burgan when he gave him the registration on the car. After he was advised of his arrest, Butler was asked if he wanted the vehicle towed and stored. He had to sign a consent form. He first signed the name "Richard" then crossed it out and signed "Jerry Burgan."

Butler testified that he worked at the Good Old Days restaurant on Ivy Street in downtown Atlanta on January 22, 1983. January 22nd was a Saturday. Atlanta had a snowstorm on Thursday, January 20, 1983, and the restaurant's employees could not come to work. The owners paid the employees who were then in the restaurant to stay on the job and rented them rooms in the Downtowner Hotel across the street. The employees were paid on January 22nd which was Butler's birthday. A birthday celebration began on the 22nd and lasted into the morning hours of the 23rd according to Butler and the other employees. Butler was there during the evening hours of the 22nd and the early morning hours of the 23rd — according to the participants

at the party. During a portion of the time Butler was so drunk that he passed out on the bed. The party ended late that night when the police were called to stop a fight between Butler and another employee. At that time the restaurant's owners asked the employees to leave the hotel and Butler and his girl friend left for his apartment. After he arrived he said he was approached by a man named "Clarence" who was driving a gold colored Mercedes. He does not know Clarence's last name or where he lives. Clarence was being followed by his girl friend in her car and he was going to leave with her so he let the defendant borrow the car. Clarence told him he had the use of the car for the weekend. He drove the car to the Good Old Days restaurant and told his boss that he wanted a couple of days off as he was going to visit his mother in New Jersey. He only told them this because he was going to visit a girl in North Carolina named Wanda. He admitted that at the habeas corpus hearing he had told the judge he rented the car. He said that although Clarence did not discuss rental of the car he gave him $50 for the use of the car. Butler also admits that he did not tell the North Carolina trooper that he had rented the car.

The defendant brings this appeal from his conviction. *Held*:

1. The record shows that the State invoked the rule of sequestration as to the defense witnesses. The court ruled that it would apply to both sides. All witnesses were called, sworn, and instructed by the court. After the first two witnesses had testified and the jury had returned to the jury box after a recess, counsel for the defendant produced three additional witnesses for the defense. They were sworn and instructed before the jury and counsel was required to identify them for the record. No objection was made by counsel to the procedure followed.

On appeal defendant objects to the trial court's acts — alleging they were "overreaching and without authority in their scope and were unlawfully harmful . . ." We cannot agree. The trial judge has the inherent power of the court to prescribe the manner in which the business of the court shall be conducted. See OCGA § 15-1-3; *Jackson v. State*, 154 Ga. App. 367, 368 (2) (268 SE2d 418). The discretion of the trial judge in regulating the conduct of counsel and the witnesses, and in prescribing the manner in which the business of the court shall be conducted is very broad and will be reversed only upon a showing of abuse. *Jackson v. State*, 149 Ga. App. 496, 498 (254 SE2d 739). Further, this court has often noted that even an otherwise valid objection is waived unless timely made at trial. *Gray v. State*, 156 Ga. App. 117, 118 (274 SE2d 115). Objections presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled

on by the trial court. *Velkey v. Grimes*, 214 Ga. 420, 421 (105 SE2d 224). However, even if the issue had been preserved for review, we find no abuse of discretion.

2. Counsel argues that the court erred in allowing in evidence a statement signed by the defendant when he consented to have the car he was driving to be towed to a garage. Counsel had served upon the State a demand for any statement given by the defendant while in police custody. There are several reasons why we find no reversible error. First, the State was introducing the signature of "Jerry Burgan" which had been made by the defendant. This is not a "statement" of the defendant. Secondly, the defendant testified that he had made the signature of Jerry Burgan to the paper when the officer asked him what he wanted to do with the automobile. Proof of the same fact by legally admissible evidence renders harmless admission of incompetent or inadmissible evidence. *Payne v. State*, 152 Ga. App. 471, 473 (263 SE2d 251); *Tuggle v. State*, 149 Ga. App. 844 (5) (256 SE2d 104). Last, the witness testified that he had first shown the document to the district attorney the morning of the trial — hence, it was newly discovered. The Code provides that "[t]his Code section shall not apply to evidence discovered after a request has been filed." OCGA § 17-7-210 (e). In addition, the statement was made available to counsel during the trial and the court permitted him the time he requested to peruse it. This enumeration is without merit. *Hampton v. State*, 162 Ga. App. 672, 674 (292 SE2d 544); *Jenkins v. State*, 167 Ga. App. 840 (2) (308 SE2d 14).

3. The evidence was sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. *Rutledge v. State*, 245 Ga. 768, 769 (267 SE2d 199); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny defendant's Motion for Directed Verdict. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590); *Maddox v. State*, 170 Ga. App. 498 (317 SE2d 617).

4. We find no error in the decision of the trial court to charge the jury on "flight." " ' "Any statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time or thereafter, charged with or suspected of crime, is admissible against him upon his trial for committing it." ' " *Bridges v. State*, 246 Ga. 323, 324 (271 SE2d 471). Whether the acts of the defendant constitute flight, and were due to a consciousness of guilt, or whether such acts have an innocent explanation, is a question for the jury. *Byers v. State*, 236 Ga. 599, 600 (2) (225 SE2d 26); *Wynn v. State*, 152 Ga. App. 479 (2) (263 SE2d 258); *Goodrum v. State*, 158 Ga. App. 602 (5) (281 SE2d 254). The evidence in the instant case, that the Mercedes was stolen in Atlanta on the evening of January 22nd and defendant was arrested in the same car on the following morning in North Carolina, is

sufficient to support a charge on "flight."

5. The trial court's charge was complete and fair. It presented the contentions of the defense and adequately covered all issues. It was not error to refuse the requested charges of the defense as they were covered in those instructions given. *Pollard v. State*, 236 Ga. 587, 589 (224 SE2d 420); *Leutner v. State*, 235 Ga. 77, 81 (218 SE2d 820). The charge on recent possession of stolen goods complies with the law extant. *Carpenter v. State*, 140 Ga. App. 368 (2) (231 SE2d 97); *Byrd v. Hopper*, 234 Ga. 248, 250 (215 SE2d 251). The defendant's requests to charge on the differences between the definitions of theft by taking and theft by receiving stolen property were not adjusted to the evidence. A charge, even though abstractly correct, should not be given unless supported by the evidence as it may mislead or confuse the jury. *Reeves v. State*, 196 Ga. 604, 614 (27 SE2d 375); *Johnson v. State*, 215 Ga. 839, 842 (114 SE2d 35); see also *Rowe v. Cole*, 176 Ga. 592 (7) (168 SE 882). Neither was it error to refuse to give the "two theories" charge, e.g., evidence consistent with guilt and innocence. See *Bess v. State*, 138 Ga. App. 528 (2) (226 SE2d 626); *Booker v. State*, 156 Ga. App. 40 (4) (274 SE2d 84), s.c. 157 Ga. App. 872. Enumerations of error 5 through 9 are without merit.

*Judgment affirmed. Birdsong, J., concurs. Carley, J., concurs in Divisions 1, 3, 4, and 5 and in the judgment.*

DECIDED SEPTEMBER 13, 1984 —
REHEARING DENIED OCTOBER 17, 1984 

*William T. Hankins III*, for appellant.
*Robert E. Wilson, District Attorney, R. Stephen Roberts, Michael M. Sheffield, Assistant District Attorneys*, for appellee.