72807. FEDERATED DEPARTMENT STORES, INC. v. KANE.
(348 SE2d 718)

BANKE, Chief Judge.

David Kane sued Federated Department Stores, Inc., d/b/a Rich's, alleging that a Rich's store employee had injured him while attempting to restrain him from leaving the store. The incident occurred as Kane and/or his brother were attempting to purchase a microwave oven with a stolen American Express credit card. The store employees asserted that Kane had fallen and broken his arm while trying to kick several television sets. Kane testified in his deposition that the store employees had broken his arm deliberately while attempting to force him to accompany them to a secluded area of the store for questioning, even though it was his brother who had attempted to purchase the television. It appears, however, that subsequent to the incident Kane pled guilty to credit card fraud and served a period of probation as a first offender. See generally OCGA § 42-8-60 et seq.

The Clerk of the Superior Court of Cobb County refused to comply with Rich's request for production of the first offender records in Kane's case. We granted Rich's application for an interlocutory review of the trial court's denial of its motion to compel such discovery. *Held*:

The trial court's ruling was based upon OCGA § 42-8-65, which forbids access to first offender records except to officials in the law enforcement field, e.g., the Attorney General, district attorneys, solicitors, and members of the Department of Offender Rehabilitation. The court acknowledged the relevance of Kane's guilty plea to refute his current version of the events giving rise to this suit and further acknowledged that if the plea could be properly proved, it would be

admissible.

In *Favors v. State,* 234 Ga. 80 (3) (214 SE2d 645) (1975), and *Moon v. State,* 154 Ga. App. 312 (1) (268 SE2d 366) (1980), first offender records were held to be admissible to impeach the testimony of witnesses for the state in criminal trials. In *Hightower v. Gen. Motors Corp.,* 255 Ga. 349 (338 SE2d 426) (1986), the Georgia Supreme Court sanctioned use of first offender records for impeachment purposes in a civil case either to disprove facts testified to by a witness or to prove contradictory statements made by the witness. However, the discoverability of such first offender records was not at issue in that case.

In *Favors,* supra, the first offender's right to confidentiality was required to be balanced against right of a criminal defendant to impeach the witness against him. In *Hightower,* a case factually less compelling than that presented here, the Supreme Court held that the statutory protection otherwise afforded a first offender cannot apply where evidence of "a guilty plea as to which a plaintiff in a civil case has been granted first offender treatment is admissible in evidence to disprove and contradict such party's testimony given in the civil case." *Hightower v. Gen. Motors Corp.,* supra, 255 Ga. at 352. Since this would be a hollow ruling if the record of the plea were unobtainable, we conclude that such records are, to the extent admissible, also discoverable.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Malcolm C. McArthur, Christopher N. Shuman,* for appellant. David Kane, *pro se.*